MARWAN MAHAJNI,

      Plaintiff,

      v.                                  Case No. 2:24-cv-01416-

MILWAUKEE COUNTY,
DEPUTY VU DO,
DEPUTY SCOTT WOIDA,
DAVID CLARKE,
JOHN DOE DEFENDANTS 1-5, and
ABC INSURANCE COMPANY,

      Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants, Milwaukee County, Deputy Vu Do, Deputy Scott Woida, and David Clarke (collectively, "Defendants"), by and through their attorneys, the Milwaukee County Office of Corporation Counsel, by Deputy Corporation Counsel Karen L. Tidwall, answer plaintiff Marwan Mahajni's ("Plaintiff") Complaint (ECF No. 1) as follows:

### ANSWER

1.    Plaintiff, Mr. Mahajni, was imprisoned for over 6 years after the jury in his criminal trial was wrongfully interfered with by Defendants Vu Do ("Do") and Scott Woida ("Woida"), acting as bailiffs for that trial.

**RESPONSE:**  Defendants deny the allegations of paragraph 1.

2.    Do and Woida wrongfully interfered with Mahajni's right to a free and fair trial by instructing the jurors that they *must* reach a unanimous verdict and cannot be deadlocked on any counts. These actions serve as the basis of this complaint.

**RESPONSE:**  Defendants deny the allegations of paragraph 2.

3.    Defendants' actions were deliberate, unreasonable, and clearly contradicted the trial court's order to not instruct the jurors with regard to their questions on unanimity.

**RESPONSE:**  Defendants deny the allegations of paragraph 3.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343(a)(3) and (4) (civil rights jurisdiction), 28 U.S.C. §§2201, 2202 (declaratory judgment jurisdiction), and 28 U.S.C. §1367 (supplemental jurisdiction).

**RESPONSE:** The allegations of paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit this Court has federal question jurisdiction over this action and denies the remaining allegations of paragraph 4.

5.    This action also arises under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Mahajni's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

**RESPONSE:** The allegations of paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 5.

6.    Mahajni further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state constitutional and state law claims that are so related to

the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**RESPONSE:** The allegations of paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 6.

7. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. §1391(b)(1) and (2) because defendants (including entities) are therein located, and because the actions or omissions giving rise to the claims herein occurred in this judicial district.

**RESPONSE:** The allegations of paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations of paragraph 7.

8. Mahajni is an adult citizen of the United States of America and, at all material times, was a resident of and domiciled in Milwaukee County, in the State of Wisconsin.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore deny the same.

9. Do is an adult citizen and resident of the State of Wisconsin. He is being sued in his individual capacity. Do was a deputy with the Milwaukee County Sheriff's Department at all times relevant to this action and was acting under color of law and within the scope of his employment with the Milwaukee County Sheriff's Department for Milwaukee County. Upon information and belief, his last known business address is 821 W. State Street, Room 207, Milwaukee, WI 53233.

**RESPONSE:** Defendant Deputy Vu Do admits he is an adult citizen and resident of the State of Wisconsin and was employed as a deputy sheriff in the Milwaukee County Sheriff's Department. Defendant Do lacks information or knowledge sufficient to form a belief as to whether he was a

3

deputy with the Milwaukee County Sheriff's Department "at all times relevant to this action" because the phrase "at all times relevant to this action" is vague and ambiguous. The remaining allegations of paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Do lacks information or knowledge sufficient to form a belief as to whether "at all times relevant to this action" he was "acting under color of law and within the scope of his employment with the Milwaukee County Sheriff's Department for Milwaukee County" and therefore deny the same.

10. Woida is an adult citizen and resident of the State of Wisconsin. He is being sued in his individual capacity. Woida was a deputy with the Milwaukee County Sheriff's Department at all times relevant to this action and was acting under color of law and within the scope of his employment with the Milwaukee County Sheriff's Department for Milwaukee County. Upon information and belief, his last known business address is 821 W. State Street, Room 207, Milwaukee, WI 53233.

**RESPONSE:** Defendant Deputy Woida admits he is an adult citizen and resident of the State of Wisconsin and was employed as a deputy sheriff in the Milwaukee County Sheriff's Department. Defendant Woida lacks information or knowledge sufficient to form a belief as to whether he was a deputy with the Milwaukee County Sheriff's Department "at all times relevant to this action" because the phrase "at all times relevant to this action" is vague and ambiguous. The remaining allegations of paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Woida lacks information or knowledge sufficient to form a belief as to whether "at all times relevant to this action" he was "acting under color of law and within the scope of his employment with the Milwaukee County Sheriff's Department for Milwaukee County" and therefore deny the same.

4

11. Defendant Milwaukee County ("County"), with offices of its executive at 901 North 9th Street, Room 105, Milwaukee, Wisconsin 53233, is and was at all times material hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Milwaukee County established, operated and maintained the Milwaukee County Sheriff's Department ("MCSD") at all times material hereto. Milwaukee County is ultimately responsible for the training, supervising, and discipline of the MCSD employees and the creation and implementation of its policies and procedures through its former Sheriff David Clarke ("Clarke"), and the County had ultimate control and authority over MCSD and all Defendants, and pursuant to Wis. Stat. § 895.46, is obligated to indemnify all Defendants in this action. The Clerk for Milwaukee County is George Christenson, and his official address is 901 North 9th Street, Room 105, Milwaukee, Wisconsin 53233.

**RESPONSE:** Defendant Milwaukee County admits it has offices 901 North 9th Street, Room 105, Milwaukee, Wisconsin 53233, it is a municipal corporation organized under the laws of the State of Wisconsin, and the Clerk for Milwaukee County is George Christenson, and his official address is 901 North 9th Street, Room 105, Milwaukee, Wisconsin 53233. The remaining allegations of paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Milwaukee County lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

12. Clarke was the Sheriff in charge of the Milwaukee County Sheriff's Department at all times relevant to this action. Clarke is being sued in both his official and individual capacities. In his official capacity he oversaw the MCSD. By law, custom, defacto or otherwise, and/or delegation, he had policymaking authority over the police department for all actions at issue in this case. He was responsible for ensuring that the policies and

practices of the MCSD complied with federal and state requirements for the treatment of citizens like the Mahajni. Clarke had the authority and responsibility to provide necessary training to MCSD officers and as Sheriff, was required to supervise his officers. He is also being sued in his individual and official capacity. At all times relevant to this action, Clarke was acting under color of law and within the scope of his employment with the MCSD and Milwaukee County. Upon information and belief, his last known business address is 821 W. State Street, Room 207, Milwaukee, WI 53233.

**RESPONSE:** Defendant Clarke admits he was the Sheriff of the Milwaukee County Sheriff's Department located at 821 W. State Street, Room 207, Milwaukee, WI 53233 and that Plaintiff contends he is being sued in his individual and official capacities. The remaining allegations of paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, To the extent a response is required, Defendant Clarke lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

13. John Does Defendants 1-5 are individuals employees of Milwaukee County who may have enabled, supported and/or effectuated Mahajni's causes of action. Their identities are currently unknown to Mahajni's but are known to Milwaukee County. They are each public employees of Milwaukee County who were operating under the color of state law. When their identities are determined, this Complaint will be amended to name each Individual officer to the extent that they violated the rights contemplated or identified in this suit.

**RESPONSE:** The allegations of paragraph 13 are not directed to the answering Defendants and no response is required.

6

14.    Defendant ABC Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times herein, ABC issued a policy of liability insurance to Milwaukee County and all its employees and/or agents thereof. By the terms of said policy, ABC agreed to pay any and all sums for which Milwaukee County and/or its agents and employees might be held legally liable for injuries or damages caused by Milwaukee County and/or its employees and agents. Upon information and belief, said ABC insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, ABC Insurance Company is a proper party to this action.

**RESPONSE:** The allegations of paragraph 14 are not directed to the answering Defendants and no response is required.

15.    Mahajni was arrested on August 3, 2013, and subsequently charged with four counts of Second-Degree Sexual Assault and one count of Kidnapping in Milwaukee County Case No. 2013-CF-003598.

**RESPONSE:** Defendants admit.

16.    Mahajni was in custody and appeared for an initial appearance on August 9, 2013, where the court set a cash bond in the amount of $20,000.

**RESPONSE:** Defendants admit.

17.    A preliminary hearing was held on August 19, 2013, where Mahajni pled not guilty and, through counsel, argued to dismiss the case, which was ultimately denied.

**RESPONSE:**  Defendants admit.

7

18. District Attorney Sara Lewis represented the State against Mahajni.

**RESPONSE:** Defendants admit.

19. An arraignment was held on September 5, 2013, before Milwaukee County Circuit Court Judge Timothy Dugan and Mahajni pled not guilty.

**RESPONSE:** Defendants admit.

20. Mahajni was in pretrial detention for this matter from August 3, 2013, through January 3, 2014.

**RESPONSE:** Defendants admit.

21. The court amended the cash bond to $5,000 on January 2, 2014. Mahajni posted a cash bond and was released with bail restrictions on January 3, 2014.

**RESPONSE:** Defendants admit.

22. Mahajni's trial ("Trial") with Judge Dugan began on March 3, 2014, and the jury was chosen and sworn in.

**RESPONSE:** Defendants admit.

23. The parties rested on March 7, 2014, and the Court instructed and charged the jury and released the alternate jurors.

**RESPONSE:** Defendants admit.

24. Defendants Do and Woida were the bailiffs throughout the Trial.

**RESPONSE:** Defendants admit.

25. The Clerk swore in Do and Woida on March 7, 2014, to protect the jury and their deliberations.

**RESPONSE:** Defendants Do and Woida admit that they were sworn in by the Clerk on March 7, 2014. The remaining allegations of paragraph 25 constitute legal conclusions to which no response

8

is required. To the extent a response is required, Defendants Deputies Do and Woida lack information and knowledge sufficient to form a belief as to the meaning of the phrase "to protect the jury and their deliberations" or what was in the Clerk's mind and therefore deny the remaining allegations of paragraph 25.

26. The oath that Do and Woida swore to read "Do you solemnly swear or affirm under penalty of law that you will keep this jury together as ordered, that you will not permit any person to speak to them, and that you will not speak to them yourself unless by order of the court."

**RESPONSE:** Defendants Deputies Do and Woida lack information and knowledge sufficient to form a belief as to the allegations of paragraph 26 and therefore deny the same.

27. The jury retired to deliberate on March 7, 2014, at around 11:55 a.m. and were left to the charge of Deputies Do and Woida.

**RESPONSE:** Defendants admit that the jury retired to deliberate on March 7, 2014, at around 11:55 a.m. Defendants lack information and knowledge sufficient to form a belief as to the meaning of the phrase "were left to the charge" and deny the remaining allegations of paragraph 27.

28. The deliberations continued until about 4:43 p.m. on March 7, 2014.

**RESPONSE:** Defendants admit.

29. On March 10, 2014, at around 8:30 a.m., the jurors returned and were directed to continue their deliberations.

**RESPONSE:** Defendants admit that on March 10, 2014, at around 8:30 a.m., the jurors returned to continue their deliberations. Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations of paragraph 29 and therefore deny the same.

9

30. On March 10, 2014, at some point between 8:35 a.m. until 11:42 a.m., at least one juror asked Do a question.

**RESPONSE:** Defendants lack information and knowledge sufficient to form a belief as to the allegations of paragraph 30 and therefore deny the same.

31. The juror asked Do whether or not the jurors could be or deadlocked on any of the counts.

**RESPONSE:** Defendants lack information and knowledge sufficient to form a belief as to the allegations of paragraph 31 and therefore deny the same.

32. Do was not authorized, instructed or ordered by the court to answer the question posed by the juror.

**RESPONSE:** Defendants lack information and knowledge sufficient to form a belief as to the allegations of paragraph 32 and therefore deny the same.

33. Woida was not authorized, instructed or ordered by the court to answer the question posed by the juror.

**RESPONSE:** Defendants lack information and knowledge sufficient to form a belief as to the allegations of paragraph 33 and therefore deny the same.

34. Rather than abide by his oath as a bailiff, Do took it upon himself and answered the question of the juror, and he told the jurors that they all had to agree on guilty or not guilty and that they were not allowed to be hung or deadlocked.

**RESPONSE:** Defendant Do denies the allegations of paragraph 34.

35. Stated another way, Do told the jury they must have a unanimous vote on all of the counts.

**RESPONSE:** Defendant Do denies the allegations of paragraph 35.

36. Woida was aware that the Do responded to the juror's question in violation of their oaths as bailiffs, and he did nothing to stop Do.

10

**RESPONSE:** Defendant Woida denies the allegations of paragraph 34.

37. Prior to and after the announcement of the verdict, Do did nothing to inform the Court or the attorneys for the parties of the jurors' question or his response.

**RESPONSE:** Defendant Do denies the allegations of paragraph 37.

38. Prior to and after the announcement of the verdict, Woida did nothing to inform the Court or the attorneys for the parties of the jurors' question or Do's response.

**RESPONSE:** Defendant Woida denies the allegations of paragraph 38.

39. On March 10, 2014, at around 11:42 am, the jury acquitted Mahajni on three counts of the 2nd Degree Sexual Assault.

**RESPONSE:** Defendants admit.

40. However, the jury did find Mahajni guilty of Kidnapping and one count of 2nd Degree Sexual Assault.

**RESPONSE:** Defendants admit.

41. After the verdict was announced, Mahajni was immediately remanded into the custody of MCSD.

**RESPONSE:** Defendants admit.

42. A motion hearing before Judge Dugan was held on April 7, 2014.

**RESPONSE:** Defendants admit. Defendants affirmatively state that the purpose of the motion hearing was for the Court to rule on Attorney Kristian Kanekoa Lindo's motion to substitute as Mahajni's counsel.

43. It was at this motion hearing that Judge Dugan stated that he met with the jury at the end of trial and there "were jurors who made statements about having a hung jury. They did not mention a bailiff being the one, but rather another juror making that statement [about

a bailiff responding to a juror's question], and the question then becomes my involvement in any --- in the decision about the credibility of these – one of the jurors."

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated April 7, 2014, contains the language quoted in paragraph 43 and on that basis admit that is what Judge Timothy Dugan stated. Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations of paragraph 43 and therefore deny the same.

44. Judge Dugan continued to state on the record that, "if it's a bailiff who made the statement, that's outside influence."

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated April 7, 2014, contains the language quoted in paragraph 44 and on that basis admit that is what Judge Timothy Dugan stated. Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations of paragraph 44 and therefore deny the same.

45. Judge Dugan also stated that, "If it's another juror who makes the statement, it's not an outside influence."

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated April 7, 2014, contains the quoted language in paragraph 45 and on that basis admit that is what Judge Timothy Dugan stated on the record.

46. On April 7, 2014, the Defendant, through his attorney, Kristian K. Lindo, filed a motion for a new trial.

**RESPONSE:** Defendants admit.

47. On April 7, 2014 Attorney Lindo also was allowed to substitute in as new counsel to Mahajni.

**RESPONSE:** Defendants admit.

12

48. Attorney Lindo alleged that Defendant's criminal attorney for the Trial, Peter Kovac, relayed to Attorney Lindo that after the verdict, one of the jurors approached Kovac because that juror visibly upset after returning the two guilty verdicts.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore deny the same.

49. Neither the Court nor Attorney Lindo attempted to contact the juror before this hearing.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore deny the same.

50. Judge Dugan stated the first step was to find out what the juror has to say and that it was important to find out where the juror received the information from.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore deny the same.

51. The Court also noted that Attorney Kovac should be subpoenaed as a witness as well.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore deny the same.

52. Attorney Lindo requested the court to hold an evidentiary hearing regarding the jurors' conversation with the bailiff.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore deny the same.

53. The circuit court denied the motion to hold an evidentiary hearing.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore deny the same.

13

54. On May 5, 2014 Attorney Lindo filed a motion to withdraw as counsel and Attorney Kovac, was allowed to substitute back in again as counsel to Mahajni.

**RESPONSE:** Defendants admit that Attorney Lindo filed a motion to withdraw as counsel and the court granted Attorney Kovac's motion to substitute as counsel to Mahajni. Defendants deny the motion to withdraw was filed on May 5, 2014. Defendants admit the remaining allegations of paragraph 54.

55. On May 5, 2014 Attorney Kovac noted that he had affidavits from two jurors that Do had made a statement to them.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore deny the same.

56. Judge Dugan noted that there were material issues of fact, and that Attorney Kovac was a witness.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore deny the same.

57. Judge Dugan also noted that Attorney Kovac created a conflict in this situation by talking to jurors and being the signatory witness to the affidavits, which would preclude him from representing Mahajni.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore deny the same.

58. Pursuant to the Affidavit of Jason Hoaglan, a juror, noted that the bailiff informed the jurors that they would not be allowed to be a hung jury.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore deny the same.

14

59. Judge Dugan noted that he had an expectation that the "State (would) likely subpoena all 12 of the witnesses – of the jurors, rather to find out if they all agree with what these two people have said,"

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated May 5, 2014, contains the quoted language in paragraph 59 and on that basis admits that is what Judge Timothy Dugan stated. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 and therefore deny the same.

60. Deputy District Attorney Lewis represented to the court that she tried to investigate this matter and asked the court to "require (Attorney) Kovac to appear for an interview regarding these matters."

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated May 5, 2014, contains the quoted language in paragraph 60 and on that basis admits that is what Deputy District Attorney Lewis stated on the record. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 60 and therefore deny the same.

61. Attorney Lewis also noted that Attorney Lindo was also a witness and that her office may want to investigate him as well.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore deny the same.

62. Attorney Lewis noted that Attorney Kovac representing Mahajni is a conflict.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 and therefore deny the same.

63. Judge Dugan directed Attorney Kovac to contact the Office of Lawyer's Regulation on the ethics of him being involved in this matter as an attorney and potential witness.

15

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 63 and therefore deny the same.

64. Judge Dugan allowed Attorney Lindo to withdraw as counsel for Mahajni.

**RESPONSE:** Defendants affirmatively state that, on May 5, 2014, Judge Dugan granted Attorney Lindo's motion to withdraw as counsel for Mahajni and therefore admit.

65. Judge Dugan allowed Attorney Kovac to represent Mr. Mahajni.

**RESPONSE:** Defendants affirmatively state that, on May 5, 2014, Judge Dugan granted Attorney Kovac's motion to substitute as counsel for Mahajni and therefore admit.

66. A scheduling conference in which the court did not want Mahajni present was set for May 20, 2014.

**RESPONSE:** Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore deny the same.

67. On May 20, 2014 Attorney Kovac noted that he filed the affidavits regarding "the motion for juror interference."

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated May 20, 2014, contains the language quoted in paragraph 67 and on that basis admits the quoted language is what Attorney Kovac stated on the record. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 and therefore denies the same.

68. Judge Dugan noted that he was "not accepting those for filing" and returned them "because all [the affidavits] that were submitted to the court for consideration on the issue at a time that not sure who the lawyer was for Mahajni, and in any event, that motion is not appropriate." And that it was a postconviction issue.

**RESPONSE:** Defendants affirmatively state that the certified court transcript dated May 20, 2014, contains the language quoted in paragraph 68 and on that basis admits the quoted language is what Judge Dugan stated on the record. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 and therefore deny the same.

69. The State made no mention of attempting to contact any of the jurors.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore deny the same.

70. The Court made no mention of attempting to contact any of the jurors.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore deny the same.

71. The Court did not hear testimony from any of the jurors.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore deny the same.

72. The matter was adjourned to June 13, 2014 for a motion to dismiss and sentencing of Mahajni.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore deny the same.

73. On June 13, 2014, Mahajni, through counsel Attorney Peter Kovac, argued a motion to dismiss [and] for judgment[] notwithstanding the verdict, which was denied.

**RESPONSE:** Defendants admit.

74. The State made no mention of attempting to contact any of the jurors.

17

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore deny the same.

75.   The Court made no mention of attempting to contact any of the jurors.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore deny the same.

76.   The Court did not hear testimony from any of the jurors.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore deny the same.

77.   Mahajni was sentenced to 25 years on the two counts, consecutive to one another, which consisted of 15 years of initial confinement and 10 years of extended supervision.

**RESPONSE:** Defendants deny and affirmatively state that for each count on which he was convicted he received 15 years initial/10 years extended, for a total of 30 years initial and 20 years extended.

78.   On June 13, 2014, despite having been in custody from August 3, 2013 through January 2, 2014 and March 10, 2014 through June 13, 2014, Mahajni was given no credit for this time served.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore deny the same.

79.   On June 20, 2014 Mahajni timely appealed the court's decisions.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore deny the same.

80.   On July 15, 2014, the court held a restitution hearing and ordered Mahajni to pay the victim $1,747.07 and to the Crime Victim's Compensation Fund $1,280.56.

18

**RESPONSE:** Defendants admit.

81.  Subsequently, the court applied $4,558.82 of Mahajni's bond that he posted towards restitution and court costs.

**RESPONSE:** Defendants admit.

82.  On May 12, 2017, the court, through Milwaukee County Circuit Judge Jeffrey Wagner, denied Mahajni's motion for a new trial.

**RESPONSE:** Defendants affirmatively state that, on February 28, 2017, Mahajni's counsel at the time, Attorney Angela Kachelski, filed a motion for a new trial on his behalf on the ground that the jurors in Mahajni's jury trial held on March 3-7, 2014 were prejudiced by extraneous information during deliberations Defendants affirmatively state that a true and correct copy of the Court's May 12, 2017 Decision and Order is attached to this Answer as Exhibit 1, the content of which speaks for itself. Defendants admit the allegations of paragraph 82.

83.  In its order, Judge Wagner noted that Defendant's allegation that there were four jurors who reported to a private investigator that during deliberations one of the jurors asked a bailiff if they could be hung and the bailiff told them that they all had to agree on guilty or not guilty, and he denied holding an evidentiary hearing on the matter.

**RESPONSE:** Defendants deny the allegations of paragraph 83. Defendants affirmatively state that a true and correct copy of the Court's May 12, 2017 Decision and Order is attached to the Answer as Exhibit 1, the contents of which speak for itself.

84.  Mahajni, through counsel, on June 1, 2017, timely filed a motion for reconsideration with the Milwaukee County Circuit Court.

**RESPONSE:** Defendants admit.

19

85. In Mahajni's Motion for Reconsideration, two affidavits from two jurors were submitted, which essentially conveyed the same allegations, that a bailiff informed jurors sometime during deliberations, and without qualification, that the jury could not be deadlocked.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore deny the same.

86. The strong implication of both affidavits submitted is that the bailiff said this out of the hearing of the circuit judge, counsel, or the parties.

**RESPONSE:** Defendants affirmatively state that paragraph 86 constitutes argument and is not a factual allegation and requires no response. To the extent a response is required, Defendants deny the allegation of paragraph 86.

87. Judge Wagner denied Mahajni's motion for reconsideration on June 6, 2017.

**RESPONSE:** Defendants admit. Defendants affirmatively state that a true and correct copy of the Court's June 6, 2017 Decision and Order is attached to this Answer as Exhibit 2, the content of which speaks for itself.

88. Mahajni timely appealed this denial of the motion for reconsideration on June 16, 2017.

**RESPONSE:** Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore deny the same.

89. The Wisconsin Court of Appeals issued a decision on June 27, 2019 concluding "that Mahajni has made sufficient showings to entitle him to an evidentiary hearing on his claim that the guilty verdicts are invalid because the jury was prejudiced by extraneous information." A true and correct copy of the Wisconsin Court of Appeals Decision is attached hereto and incorporated herein as **Exhibit A.**

**RESPONSE:** Defendants admit.

20

90. On January 2, 17, 20, and 22, 2020 the trial court, through Judge Jeffrey Wagner, conducted an evidentiary hearing pursuant to the direction of the Wisconsin Court of Appeals.

**RESPONSE:** Defendants deny that an evidentiary hearing was held on January 20, 2020. Defendants admit the remaining allegations of paragraph 90.

91. This was the first time that jurors from the Trial were allowed to testify regarding this matter.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as the truth of the allegations of paragraph 91 and therefore deny the same.

92. At the evidentiary hearing, two jurors testified that the information given to them by the bailiff prejudiced them in deliberations.

**RESPONSE:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 92 and therefore deny the same.

93. The government conceded and the trial court concluded on March 11, 2020 that "this court must find that at least one juror received prejudicial extraneous information and that a new trial is required as a remedy."

**RESPONSE:** Defendants affirmatively state that the Court's March 11, 2020 order contains the language quoted in paragraph 93 and the order is attached to this Answer as Exhibit 3. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 and therefore deny the same.

94. The court ordered the prior two convictions vacated and Mahajni entered a not guilty plea and the court set a cash bail of $10,000 with conditions.

**RESPONSE:** Defendants admit.

95.  On March 11, 2020, Mahajni filed a speedy trial demand and the matter was set for trial on June 15, 2020.

**RESPONSE:** Defendants admit that Mahajni filed a speedy trial demand on March 11, 2020. Defendants deny that the matter was set for trial on June 15, 2020.

96.  On August 24, 2020, the matter was set for a hearing and a request for substitution of judge was made by Mahajni through counsel and the matter was assigned to Judge Michelle Havas.

**RESPONSE:** Defendants affirmatively state that, on August 24, 2020, the Court scheduled a bail/bond hearing for September 15, 2020, consented to substitution against Judge Janet Protasiewicz, and reassigned the case to Judge Michelle Havas. Defendants lack information and knowledge sufficient to form a belief that Mahajni made the request for substitution and therefore deny the same. Defendants deny any allegation in paragraph 96 inconsistent herewith.

97.  On October 24, 2022, the State noted that they would be unable to meet their burden of proof against Mahajni, and then the state moved to dismiss all counts against Mahajni. Based on the State's motion, the court dismissed all of the criminal charges against Mahajni with prejudice.

**RESPONSE:** Defendants admit that on October 24, 2022, the State moved to dismiss, and defendant moved to dismiss with prejudice and the Court granted these motions. Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations of paragraph 97 and therefore deny the same.

98.  Mahajni was in custody from March 10, 2014 through July 29, 2020, and was previously in custody from August 3, 2013 – January 3, 2014. Mahajni was in custody for 2486 days.

**RESPONSE:** Defendants deny that Mahajni was in custody on July 29, 2020, and that he was in custody for 2486 days. Defendants affirmatively state that he was released from the Milwaukee County Jail on July 28, 2020. Defendants admit the remaining allegations of paragraph 98.

99. From August 3, 2013, through October 23, 2022, Mahajni was under some level of government restriction due to the underlying criminal matter.

**RESPONSE:** Defendants lacks information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore deny the same.

100. While he was in prison, Mahajni suffered a number of physical and psychological injuries.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore deny the same.

101. Mahajni was wrongly imprisoned for approximately 6 years 8 months and 19 days for crimes for which he was fully and completely exonerated.

**RESPONSE:** Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 101.

102. Milwaukee County was aware on October 23, 2022 that all charges against Mahajni were dropped and he was exonerated.

**RESPONSE:** Defendants deny the allegations of paragraph 102.

103. Because of the misconduct of defendants, Mahajni faced the possibility of deportation back to his native country of Israel.

**RESPONSE:** Defendants deny the allegations of paragraph 103.

104. Mahajni, through counsel, served his Notice of Injury and Claim on Milwaukee County, pursuant to Wis. Stat. §§ 893.80 on December 5, 2023. A true and correct copy of that Notice is attached hereto and incorporated herein as **Exhibit B.**

**RESPONSE:** Defendants admit that Exhibit B is an Amended Notice of Claim dated December 5, 2023. Defendants affirmatively state that it was received by the Milwaukee County Clerk via certified mail on December 13, 2023. Defendants deny that said exhibit complies with the statutory provisions of Wis. Stat. § 893.80.

## FIRST CAUSE OF ACTION
## DENIAL OF RIGHT TO A FAIR TRIAL
### Violation of the Sixth and Fourteenth Amendments
### (Against All Defendants)

105. Mahajni incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:** Defendants incorporate by reference as if set forth in full herein their responses to the paragraphs above.

106. As a result of the actions of Do and Woida, Mahajni was deprived of his right to an impartial jury.

**RESPONSE:** The allegations of paragraph 106 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 106.

107. Do's unauthorized communications with the jurors during deliberations had a prejudicial effect that harmed Mahajni.

**RESPONSE:** The allegations of paragraph 107 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 107.

108. Woida was aware of Do's unauthorized communications with the jurors, but failed to stop or report him.

24

**RESPONSE:** The allegations of paragraph 108 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 108.

109. The extraneous information provided to the jurors by Defendant Do influenced the jurors' deliberations.

**RESPONSE:** The allegations of paragraph 109 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 109.

110. Do did not inform the court, parties, or counsel about his unauthorized communications with the jurors before they issued their verdict. Woida did not inform the court, parties, or counsel about Do's unauthorized communications with the jurors before they issued their verdict.

**RESPONSE:** The allegations of paragraph 110 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 110.

111. At all relevant times, Do and Woida were employees of Milwaukee County, operating under color of law.

**RESPONSE:** Defendants admit that Defendants Deputies Do and Woida were for a period of time employees of Milwaukee County. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 111 and therefore deny the same.

112. Clarke failed to discipline either Do or Woida for their improper actions despite multiple hearings outlining their misconduct.

**RESPONSE:** Defendants deny the allegations of paragraph 112.

113. As a result of Defendants' misconduct, Mahajni suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, forced and

involuntary prison labor, and other grievous and continuing injuries and damages to be determined at trial.

**RESPONSE:** The allegations of paragraph 113 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 113.

**SECOND CLAIM FOR RELIEF**
**DENIAL OF DUE PROCESS**
**Violation of the Fourteenth Amendment**
**(Against All Defendants)**

114. Mahajni incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:** Defendants incorporate by reference as if set forth in full herein their responses to the paragraphs above.

115. Do intentionally interfered with the jury during their deliberations.

**RESPONSE:** The allegations of paragraph 115 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 115.

116. Woida knew that Do intentionally and wrongfully interfered with the jury during their deliberations, but failed to act or report him.

**RESPONSE:** Defendants deny the allegations of paragraph 116.

117. Do and Woida, pursuant to their oath, knew that they were not to interfere with jury deliberations and that any questions were to be answered by the court.

**RESPONSE:** Defendants admit that they were not to interfere with jury deliberations. Defendants deny the remaining allegations of paragraph 117.

118. Despite this knowledge, Do and Woida hid from the court their unauthorized communications with the jurors.

**RESPONSE:** Defendants deny the allegations of paragraph 118.

26

119. Do's misconduct resulted in the unjust and wrongful conviction of Mahajni and the deprivation of his liberty, and denying his constitutional right to a fair trial and impartial jury guaranteed by the Fourteenth Amendment.

**RESPONSE:** The allegations of paragraph 119 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 119.

120. Woida's misconduct resulted in the unjust and wrongful conviction of Mahajni and the deprivation of his liberty, and denying his constitutional right to a fair trial and impartial jury guaranteed by the Fourteenth Amendment.

**RESPONSE:** The allegations of paragraph 120 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 120.

121. As a result of Defendants' misconduct, Mahajni suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, forced and involuntary prison labor, and other grievous and continuing injuries and damages to be determined at trial.

**RESPONSE:** The allegations of paragraph 121 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 121.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE – WISCONSIN STATE LAW
### (Against Defendant Woida and John Does)

122. Mahajni incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:** Defendant Woida incorporates by reference as if set forth in full herein his responses to the paragraphs above.

27

123. Woida, during the constitutional violations, stood by without intervening to prevent the violation of Mahajni's constitutional rights, even though he had the duty and the opportunity to do so.

**RESPONSE:** The allegations of paragraph 123 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Woida denies.

124. John Doe Defendants, during the constitutional violations, stood by without intervening to prevent the violation of Mahajni's constitutional rights, even though he had the duty and the opportunity to do so.

**RESPONSE:** The allegations of paragraph 124 are not directed to these answering Defendants and therefore no response is required.

125. The misconduct described was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and/or in total disregard of the truth and of Mahajni's innocence.

**RESPONSE:** The allegations of paragraph 125 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Woida denies the allegations of paragraph 125.

126. As a result of Woida's failure to intervene to prevent the violations of Mahajni's constitutional rights, Mahajni suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, forced and involuntary prison labor, and other grievous and continuing injuries and damages to be determined at trial.

**RESPONSE:** The allegations of paragraph 126 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Woida denies the allegations of paragraph 126.

127. The misconduct described in this count was undertaken pursuant to the policies and practices of Milwaukee County.

**RESPONSE:** Defendant Woida denies the allegations of paragraph 127.

**FOURTH CLAIM FOR RELIEF**
**MUNICIPAL _MONELL_ LIABILTY**
**(Policy, Practice, and/or Custom; Failure to Train and Supervise)**
**(Against Defendants Milwaukee County and Clarke)**

128. Mahajni incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:** Defendants Milwaukee County and Clarke incorporate by reference as if set forth in full herein their responses to the paragraphs above.

129. Upon information and belief, neither Clarke or Milwaukee County investigated Mahajni's complaint against Do and Woida that was submitted to the Milwaukee County Circuit Court by the motion filed by Attorney Lindo on April 7, 2014.

**RESPONSE:** Defendants Clarke and Milwaukee County lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 129 and therefore deny the same. Defendants Clarke and Milwaukee County affirmatively state that the County investigated a citizen complaint filed by Mahajni on October 7, 2021 against Defendant Deputy Do.

130. Upon information and belief, Clarke and Milwaukee County did not discipline Do or Woida for their violation of Mahajni's right to a fair trial.

**RESPONSE:** Paragraph 130 contains legal conclusions about alleged "violation of Mahajni's right to a fair trial," to which no response is required. To the extent a response is required, Defendants Clarke and Milwaukee County deny the allegations of paragraph 130.

29

131. Upon information and belief, in the criminal case against Mahajni for the charges described above, Clarke and Milwaukee County failed to investigate the Trial jurors and their allegations, and thus delayed the process of securing relevant evidence.

**<u>RESPONSE:</u>** Paragraph 131 contains legal conclusions about Defendants Clarke and Milwaukee County alleged legal duty to "investigate the Trial jurors and their allegations," to which no response is required. To the extent a response is required, Defendants Clarke and Milwaukee County deny the allegations of paragraph 131. Defendants affirmatively state that the County investigated a citizen complaint filed by Mahajni on October 7, 2021 against Defendant Deputy Do.

132. Upon information and belief, Do acted within the written or unwritten policies, practices, and/or customs of the Milwaukee County Sheriff's Department, an agency of Milwaukee County, when he violated Mahajni's right to a fair trial, as described hereinabove.

**<u>RESPONSE:</u>** Paragraph 132 contains legal conclusions about Deputy Do's alleged "violation of Mahajni's right to a fair trial," to which no response is required. To the extent a response is required, Defendants Clarke and Milwaukee County deny the allegations of paragraph 132, and affirmatively state that the County has no written or unwritten policies, practices, and/or customs that would require any deputy to act in a manner that would violate any person's "right to a fair trial."

133. Upon information and belief, Clarke and Milwaukee County were deliberately indifferent to the rights of Mahajni by failing to adequately train and supervise its sheriff's deputies working as circuit court bailiffs.

**RESPONSE:** Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, Defendants Clarke and Milwaukee County deny the allegations of paragraph 133.

134. Upon information and belief, Clarke and Milwaukee County policies, practices, and/or customs and its failure to adequately train and supervise its sheriff's deputies working as circuit court bailiffs, including Do and Woida, caused their violations of Mahajni's constitutional right to a fair trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

**RESPONSE:** Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, Defendants Clarke Defendants Clarke and Milwaukee County deny the allegations of paragraph 134.

135. Upon information and belief, Clarke and Milwaukee County policies, practices, and/or customs and its failure to adequately train and supervise its sheriff's deputies working as circuit court bailiffs, including Do and Woida, caused Mahajni to sustain injuries and losses, which continue, including but not limited to loss of income, loss of property, physical pain and suffering, mental pain and suffering, humiliation, emotional distress, loss of dignity, loss of enjoyment of life, loss of liberty and medical expenses, in an amount to be proven at trial.

**RESPONSE:** Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, Defendants Clarke and Milwaukee County deny the allegations of paragraph 135.

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Cruel and Unusual Punishment (4th and 14th Amendment)**
**(Against Defendants Do and Woida)**

31

136. Mahajni realleges and incorporates here all paragraphs of this Complaint as though fully set forth.

**RESPONSE:** Defendants Do and Woida incorporate by reference as if set forth in full herein their responses to the paragraphs above.

137. Do and Woida's actions of interfering with jury deliberations that resulted in a guilty verdict against Mahajni, which resulted in him spending over six years in prison constitutes cruel and unusual punishment.

**RESPONSE:** Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 137.

138. Do and Woida had a duty of care to Mahajni while he was in trial, and by providing prejudicial information to the jury, they caused unnecessary and wanton infliction of pain.

**RESPONSE:** Paragraph 138 contains legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 138.

139. While acting under color of state law, Defendants' actions amount to the torture of Mahajni for which he is entitled to damages proximately caused thereby.

**RESPONSE:** Paragraph 139 contains legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 139.

140. Unless restrained by this Court, Defendants will continue to engage in the unconstitutional and illegal conduct alleged herein, or other similar unconstitutional or illegal conduct, causing irreparable harm to those in Milwaukee County.

**RESPONSE:** Defendants Do and Woida deny the allegations of paragraph 140.

141. At all times relevant to this Complaint, Defendants were acting under color of law.

**RESPONSE:** The allegations of paragraph 141 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

142. Defendants' actions caused Mahajni to suffer damages to be determined at trial.

**RESPONSE:** Defendants Do and Woida deny the allegations of paragraph 142.

**SIXTH CLAIM FOR RELIEF**
**Negligent Infliction of Emotional Distress**
**(Against Defendants Do and Woida)**

143. Mahajni realleges and incorporate here all paragraphs of this Complaint as though fully set forth.

**RESPONSE:** Defendants Do and Woida incorporate by reference as if set forth in full herein their responses to the paragraphs above.

144. Do and Woida negligently and in violation of their oaths as bailiffs gave unauthorized extraneous information to the jury during deliberations, which prejudiced their decision. This conduct caused Mahajni severe emotional distress.

**RESPONSE:** The allegations of paragraph 144 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 144.

145. Do and Woida's conduct was not reasonable, necessary, or justified.

**RESPONSE:** Defendants Do and Woida deny the allegations of paragraph 145.

146. Do and Woida deprived Mahajni of his Fourth Amendment right for which Mahajni is entitled to damages proximately caused thereby.

33

**RESPONSE:** The allegations of paragraph 146 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 146.

## SEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (Against Defendants Do and Woida)

147. Mahajni realleges and incorporate here all paragraphs of this Complaint as though fully set forth.

**RESPONSE:** Defendants Do and Woida incorporate by reference as if set forth in full herein their responses to the paragraphs above.

148. Do and Woida intentionally and in violation of their oaths as bailiffs gave unauthorized extraneous information to the jury during deliberations, which prejudiced their decision. This conduct caused Mahajni severe emotional distress.

**RESPONSE:** The allegations of paragraph 148 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 148.

149. Do and Woida's conduct was not reasonable, necessary, or justified.

**RESPONSE:** Defendants Do and Woida deny the allegations of paragraph 149.

150. Do and Woida knew their actions were not permitted, and failed to correct their misinformation or report their violations to the court or counsel of record.

**RESPONSE:** Defendants Do and Woida deny the allegations of paragraph 150. .

151. Do and Woida deprived Mahajni of his Fourth Amendment right for which Mahajni is entitled to damages proximately caused thereby.

34

**RESPONSE:** The allegations of paragraph 151 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants Do and Woida deny the allegations of paragraph 151.

## EIGHTH CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision
### (Against Milwaukee County)

152. Mahajni's realleges and incorporate here all paragraphs of this Complaint as though fully set forth.

**RESPONSE:** Defendant Milwaukee County incorporates by reference as if set forth in full herein its responses to the paragraphs above.

153. Milwaukee County hired Do, and at all material times, Do was an employee of the Milwaukee County Sheriff's Department.

**RESPONSE:** Defendant Milwaukee County admits that it hired Defendant Do to work for the Milwaukee County Sheriff's Department. Defendant Milwaukee County lacks information and knowledge sufficient to form a belief as to the meaning of "at all material times," and therefore denies the remaining allegations of paragraph 153.

154. Milwaukee County hired Woida, and at all material times, Do [sic] was an employee of the Milwaukee County Sheriff's Department.

**RESPONSE:** Defendant Milwaukee County admits that it hired Defendant Deputy Woida to work for the Milwaukee County Sheriff's Department. Defendant Milwaukee County lacks information and knowledge sufficient to form a belief as to the meaning of "at all material times," and therefore denies the remaining allegations of paragraph 154.

155. Milwaukee County hired Do and Woida to perform various duties including working as bailiffs during jury trials.

**RESPONSE:** Defendant Milwaukee County admits.

156. Do and Woida lacked proper training to know that statements to a jury that are not authorized is illegal and improper.

**RESPONSE:** Defendant Milwaukee County denies the allegations of paragraph 156.

157. Milwaukee County knew or reasonably should have known of Do and Woida's lack of training in serving as a bailiff to jury trials.

**RESPONSE:** Defendant Milwaukee County denies the allegations of paragraph 157.   .

158. Despite this knowledge, Milwaukee County allowed Do and Woida to serve as bailiffs during jury trials.

**RESPONSE:**  Defendant Milwaukee County denies the allegations of paragraph 158.

159. Milwaukee County breached their duty of care to Mahajni.

**RESPONSE:** The allegation of paragraph 159 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant Milwaukee County denies the allegation of paragraph 159.

160. But for the failure of Milwaukee County to properly hire, train, and supervise Do and Woida, Mahajni would not have suffered injury, great conscious pain and suffering, emotional distress, and other forms of damages.

**RESPONSE:** Defendant Milwaukee County denies the allegations of paragraph 160 and specifically denies that it failed "to properly hire, train, and supervise Do and Woida."

161. As a result of the failure on the part of the agents, servants, and employees of Milwaukee County, to provide the necessary training, supervision, and hiring of Do and Woida, Mahajni has sustained damages in an amount to be determined at trial.

36

**RESPONSE:** The allegations of paragraph 161 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Milwaukee County denies the allegations of paragraph 161.

**NINTH CLAIM FOR RELIEF**
**State Law Indemnification**
**(Against Milwaukee County)**

162. Mahajni's realleges and incorporate here all paragraphs of this Complaint as though fully set forth herein.

**RESPONSE:** Defendant Milwaukee County incorporates by reference as if set forth in full herein its responses to the paragraphs above.

163. Pursuant to Wis. Stat. § 895.46, Milwaukee County is obligated to pay any tort judgment for damages for which its employees or agents are liable for acts occurring within the scope of their employment. At all times material hereto, Defendants Do, Woida, Milwaukee County, John Does, and Clarke as alleged herein, committed the acts under color of law and within the scope of their employment with Defendant Milwaukee County.

**RESPONSE:** The allegations of paragraph 163 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant Milwaukee County affirmatively states that Wis. Stat. § 895.46 provides in part: "If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee, except as provided in s. 146.89 (4), in excess of any insurance applicable to the officer or employee shall be paid by the

state or political subdivision of which the defendant is an officer or employee," and denies each and every remaining allegation of paragraph 163.

**<u>TENTH CLAIM FOR RELIEF</u>**
**Direct Action Statute**
**(Against ABC Insurance pursuant to Wis. Stat. § 632.24)**

164. Mahajni repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

**<u>RESPONSE:</u>** Paragraph 164 is not directed to the answering Defendants and therefore no response is required.

165. ABC is liable to Mahajni for damages suffered as a result of Defendants' actions and inactions, as alleged in this Complaint, up to the amount of the applicable insurance policies that Defendants has/had with ABC.

**<u>RESPONSE:</u>** Paragraph 165 is not directed to the answering Defendants and therefore no response is required.

166. At all material times and upon information and belief, all non-insurance defendants had in full force and effect one or more policies of insurance that provided coverage to each of them, insuring them against liability for their negligence and the negligence of their agents and employees, and agreeing to pay any and all amounts that Defendants and their agents and employees may become legally obliged to pay for the aforementioned damages.

**<u>RESPONSE:</u>** Paragraph 166 is not directed to the answering Defendants and therefore no response is required.

38

167. Pursuant to Wis. Stat. §803.04, ABC is a proper party to this action. Pursuant to Wisconsin's Direct-Action Statute, Wis. Stat. § 632.24, Mahajni is allowed to maintain this lawsuit directly against ABC.

**RESPONSE:** Paragraph 167 is not directed to the answering Defendants and therefore no response is required.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to the Complaint, Defendants state as follows:

1. Plaintiff fails to state a claim upon which relief may be granted against each and every defendant.

2. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, or laches.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of claim preclusion or issue preclusion.

4. Plaintiff is equitably estopped from bringing his claims.

5. Plaintiff may have failed to exhaust his administrative remedies.

6. Defendants Clarke, Do and Woida are entitled to absolute immunity.

7. Defendants Clarke, Do and Woida are entitled to qualified immunity.

8. Defendants Do and Woida are entitled to judicial immunity or quasi-judicial immunity.

9. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

10. Plaintiff failed to comply with Wis. Stat. § 893.80.

39

11.    Defendants did not deprive Plaintiff of any right secured by the Constitution or the laws of the United States.

12.    Defendants at all times relevant acted in good faith and were not motivated by malice or intent to harm.

13.    Any alleged injury or damage was caused, in whole or in part, by the acts or omissions of Plaintiff.

14.     Any alleged injury or damage was caused, in whole or in part, by the acts or omissions of a third party or parties outside of the defendants' control.

15.    Any alleged injury or damage was caused, in whole or in party, by an intervening, superseding cause outside the control of Defendants.

16.    Any recovery is limited pursuant to 42 U.S.C. § 1997(e).

17.    Plaintiff may have failed to mitigate his damages, if any.

18.    Defendants reserve the right to amend their Answer to withdraw, modify, or assert additional affirmative defenses as discovery proceeds.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment against Plaintiff and in favor of the Defendants as follows:

1.    Dismiss the Complaint in its entirety, on the merits and with prejudice;

2.    A monetary award in the amount of the costs and disbursements of this action as provided by law;

3.    A monetary award in the amount of Defendants' reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

4.    For such other relief as this Court may deem just and equitable.

**DEFENDANTS DEMAND TRIAL BY JURY**

40

Dated at Milwaukee, Wisconsin this 28th day of June, 2024.

SCOTT F. BROWN
Milwaukee County Acting Corporation Counsel

BY:     s/ Karen L. Tidwall
        KAREN L. TIDWALL
        Deputy Corporation Counsel
        State Bar No. 1025667
        Attorney for Defendants Milwaukee County,
        Deputy Vu Do, Deputy Scott Woida, and David
        Clarke

P.O. Mailing Address:
Milwaukee County Office of Corporation Counsel
901 North 9th Street, Room 303
Milwaukee, WI 53233
Telephone:     (414) 278-4288
Facsimile:     (414) 223-1249
Email: karen.tidwall@milwaukeecountywi.gov