IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MARWAN MAHAJNI,

     Plaintiff,

                                          Case No: 24-CV-416

v.

DEPUTY VU DO, in his individual capacity,
DEPUTY SCOTT WOIDA, in his individual capacity,
JOHN DOE DEFENDANTS 1 - 5, and
ABC INSURANCE COMPANY,

     Defendants.

---

## DEFENDANTS DEPUTY VU DO AND DEPUTY SCOTT WOIDA'S BRIEF IN SUPPORT OF MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL

---

## INTRODUCTION

     Defendants Deputy Vu Do and Deputy Scott Woida, by their attorneys Crivello, Nichols & Hall, S.C., and pursuant to 28 U.S.C. § 1292(b), hereby submit this Brief in Support of Motion to Certify Issue for Interlocutory Appeal. Defendants respectfully request that the Court certify the following issue, which was necessary to the Court's oral ruling on November 20, 2024 (Dkt. 38), for interlocutory appeal:

> For purposes of the statute of limitations, did Plaintiff's 42 U.S.C. § 1983 claims against Defendants Do and Woida accrue: (1) at the time Plaintiff's underlying criminal convictions were invalidated and vacated on March 11, 2020; or (2) at the time Plaintiff's underlying criminal case was dismissed with prejudice on October 24, 2022.

As discussed further below, this issue is a controlling, pure question of law on which there is substantial ground for difference of opinion, and the resolution of this issue will—or at the very least may—materially advance the termination of this litigation, and this Motion has been filed within a reasonable amount of time from the subject Order. *See* 28 U.S.C. § 1292(b). Further, this action is already subject to an interlocutory appeal based on the denial of qualified immunity benefiting Deputy Woida. Because all statutory and non-statutory criteria are met, certification for interlocutory appeal is appropriate, and the Court should grant Defendants' Motion.

## PROCEDURAL POSTURE

On April 6, 2024, Plaintiff filed the operative complaint in this matter. (Dkt. 1). Defendants timely answered Plaintiff's Complaint on June 28, 2024, denying liability and asserting various affirmative defenses. (Dkt. 16).

On September 3, 2024, Defendants filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 20). Relevant to this Motion to Certify, through their Motion for Judgment on the Pleadings, Defendants requested that all of Plaintiff's claims in this lawsuit be dismissed with prejudice on the basis that they are time-barred by the applicable statute of limitations. (Dkt. 21 at pp. 4-5).

After briefing had been completed on Defendants' Motion for Judgment on the Pleadings, on November 20, 2024, the Court held a hearing and issued an oral ruling granting in part and denying in part Defendants' motion. (Dkts. 38, 39). In doing so, the Court dismissed: (1) all of Plaintiff's Wisconsin state-law claims; (2) Plaintiff's 42 U.S.C. § 1983 municipal liability claims against Milwaukee County and David

Clarke; and (3) Plaintiff's 42 U.S.C. § 1983 individual capacity claims against David Clarke. (*Id.*) The Court denied Defendants' Motion for Judgment on the Pleadings as it related to their arguments that: (1) Plaintiff's claims were barred by the statute of limitations; (2) Deputy Do is entitled to absolute immunity; and (3) Deputies Do and Woida are entitled to qualified immunity. (*Id.*)

Following the Court's ruling, the remaining defendants in this lawsuit include Deputy Do, Deputy Woida, John Doe Defendants 1-5, and ABC Insurance Company. (*See Id.*; *see also* Dkt. 1). The surviving causes of action include:

> (1) Plaintiff's "First Cause of Action" for the alleged denial of his right to a fair trial in violation of the Sixth and Fourteenth Amendments against Defendants Do and Woida;
>
> (2) Plaintiff's "Second Claim for Relief" for the alleged denial of due process in violation of the Fourteenth Amendment against Defendants Do and Woida; and
>
> (3) Plaintiff's "Fifth Claim for Relief" for alleged "Cruel and Unusual Punishment (4th and 14th Amendment)" against Defendants Do and Woida

(Dkt. 38; Dkt. 39; *see also* Dkt. 1 at pp. 14-15, 18-19).

## <u>LEGAL STANDARD</u>

28 U.S.C. § 1292(b) is the controlling authority for this Motion, and it provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application

is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The Seventh Circuit has interpreted the requirements of 28 U.S.C. § 1292(b) as follows:

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed. *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir.2000). (The statute requires the petition to be filed in *this* court within 10 days of the district court's 1292(b) order, but there is no statutory deadline for the filing of the petition in the district court.)

*Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675–76 (7th Cir. 2000) (emphasis in original). In clarifying the fourth element, the Seventh Circuit has noted:

> But all that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation.

*Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original).

"[I]n Seventh Circuit practice, specific issues, rather than an order as a whole, are formally certified for appeal." *In re Bridgestone/Firestone, Inc.*, 212 F. Supp. 2d

903, 905 (S.D. Ind. 2002) (citing *Boim v. Quranic Literacy Institute and Holy Land Foundation for Relief and Development*, 291 F.3d 1000, 1007 (7th Cir. 2002)); *see also Sterk*, 672 F.3d at 536. The Seventh Circuit has also "emphasize[d] the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met . . . ." *Ahrenholz*, 219 F.3d at 677.

## ARGUMENT

### I.  DEFENDANTS' MOTION TO CERTIFY HAS BEEN FILED WITHIN A REASONABLE TIME FOLLOWING THE COURT'S ORDER.

There is not a specific timeline or deadline identified in 28 U.S.C. § 1292(b) for which a party must move the district court to certify an issue for interlocutory appeal. Instead, "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed [is entered]." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). The Seventh Circuit has held that seeking certification of an issue for interlocutory appeal within 36 days of the relevant order was reasonable. *See Boim*, 291 F.3d at 1008.

Here, the Court issued its oral ruling that is the subject of this Motion on November 20, 2024. (Dkt. 38; Dkt. 39). This Motion was filed on November 27, 2024—within 7 days of the Court's order. Accordingly, this Motion satisfies the non-statutory requirement that a motion to certify an issue for interlocutory appeal be filed within a reasonable time following entry of the relevant order by the district court.

### II.  DEFENDANTS SEEK CERTIFICATION FOR INTERLOCUTORY REVIEW OF AN ABSTRACT AND PURE "QUESTION OF LAW."

The statute of limitations issue for which Defendants seek the Court's certification for interlocutory appeal presents an abstract and pure question of law,

and therefore this first statutory element of 28 U.S.C. § 1292(b) is met. "Question of law," as used in 28 U.S.C. § 1292(b), "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." *Ahrenholz*, 219 F.3d at 676. In interpreting the "pure question of law" requirement of 28 U.S.C. § 1292(b), the Seventh Circuit explained that "[t]he idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* at 677.

In the present case, the statute of limitations issue Defendants seek to appeal was decided by the Court in its order concerning Defendants' Motion for Judgment on the Pleadings. A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). Because this standard required the Court to accept all well-pleaded facts in Plaintiff's Complaint as true, for purposes of an interlocutory appeal, there are no disputes of material fact relating to the issue Defendants seek to appeal. *See Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019). Similarly, the record relevant to the appeal is relatively small and undeveloped, consisting only of the pleadings, Defendants' Motion for Judgment on the Pleadings and materials filed in support thereof and opposition thereto, and the Court's subject order.

The Seventh Circuit has "previously accepted interlocutory appeals regarding 'the sufficiency of the allegations of a complaint' when the questions presented

'require the interpretation, and not merely the application, of a legal standard.'" *Boone v. Illinois Dep't of Corr.*, 71 F.4th 622, 625 (7th Cir. 2023) (quoting *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010)). Here, the question of law presented requires more than the mere application of a legal standard to the Complaint's allegations; rather, it requires the interpretation of the applicable statute of limitations for § 1983 claims in this jurisdiction, as well as the interpretation of legal standards regarding tolling and the accrual date of Plaintiff's § 1983 claims under *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. Notably, only two alleged facts are material to deciding this question of law, neither of which are in dispute at this time: (1) Plaintiff's underlying criminal convictions were vacated and invalidated on March 11, 2020 (Dkt. 1 at p. 12, ¶¶ 93-94); and (2) the underlying state criminal case was dismissed with prejudice on October 24, 2022 (*Id.* at p. 13, ¶ 97). Other than interpreting the legal standards as applied to these undisputed facts, the remainder of the factual allegations in the Complaint have no bearing on this abstract legal question, and this question of law can be answered by the Seventh Circuit "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677.

Although not specifically in the context of 28 U.S.C. § 1292(b), the Supreme Court has acknowledged that "the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (internal citations omitted). Additionally, other courts within the Seventh Circuit have held that contested statute of limitations

issues presented pure questions of law for purposes of 28 U.S.C. § 1292(b). For example, in *Design Basics, LLC v. Lancia Homes, Inc.*, 2017 WL 942722 (N.D. Ind. Mar. 9, 2017), the court held that the issue of when a claim for copyright infringement accrues for purposes of the statute of limitations was a pure question of law and presented "an 'abstract legal issue' [that] will not require 'hunting through the record . . . to see whether there may be a genuine issue of material fact lurking there,' . . . ." *Design Basics, LLC v. Lancia Homes, Inc.*, 2017 WL 942722, at *2 (N.D. Ind. Mar. 9, 2017).

Similarly, in *E.E.O.C. v. Dial Corp.*, 2001 WL 1945088 (N.D. Ill. Dec. 27, 2001), the court was presented with a motion to certify for interlocutory appeal the issue of whether a 300-day time limitation—which would bar claims for all acts of the defendant prior to a certain date—applied to the action. *E.E.O.C. v. Dial Corp.*, 2001 WL 1945088, at *2-3 (N.D. Ill. Dec. 27, 2001). The court ultimately determined that this issue satisfied the pure question of law requirement of 28 U.S.C. § 1292(b). *Id.* at *3 ("[T]he issue of whether the 300-day limitations period applies . . . clearly involves a 'question of law.'") (citing *Ahrenholz,* 219 F.3d at 676–77).

In this case, the question of whether Plaintiff's § 1983 claims accrued on March 11, 2020—when his underlying convictions were invalidated and vacated—or on October 24, 2022—when his underlying state criminal case was dismissed with prejudice—is an abstract question of statutory interpretation that requires no analysis of the facts of the case to answer. As this issue presents a pure question of law, the first statutory element of 28 U.S.C. § 1292(b) is satisfied.

### III.    THE PURE QUESTION OF LAW IS "CONTROLLING."

28 U.S.C. § 1292(b) also requires that the question of law be "controlling" in the case. 28 U.S.C. § 1292(b); *see also Ahrenholz*, 219 F.3d at 675. In this context, "controlling means serious to the conduct of the litigation, either practically or legally." *Dial Corp.*, 2001 WL 1945088 at *3 (internal quotation marks omitted) (citing *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir.1991)); *see also Ahrenholz*, 219 F.3d at 677 (indicating that a "controlling issue" is one that may "head off protracted, costly litigation"). "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The Seventh Circuit has also recognized that "'a growing number of decisions have accepted the rule that a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Johnson,* 930 F.2d at 1206 (noting that "controlling" is not intended to be read literally "because it is never one hundred percent certain in advance that the resolution of a particular question will determine the outcome or even the future course of the litigation.") (internal citations omitted).

Here, the question of law regarding the accrual date for Plaintiff's § 1983 claims is controlling because this statute of limitations issue is dispositive of all of Plaintiff's surviving claims in this lawsuit. If the Seventh Circuit were to determine that Plaintiff's remaining claims accrued on March 11, 2020—and not on October 24, 2022—the three-year limitations period applicable to § 1983 claims in this

jurisdiction would bar these claims and resolve this litigation. Therefore, this question of law is controlling as to all of Plaintiff's remaining claims in this lawsuit. *See Design Basics*, 2017 WL 942722, at *2 (holding that the determination of the accrual date for purposes of the statute of limitations was a controlling question of law); *see also Dial Corp.*, 2001 WL 1945088 at *3 (holding that the application of the 300-day limitation was controlling because it would bar certain claims, and "a reversal would save time and expense for both the litigants and the court."); *see also Brewton v. City of Harvey*, 319 F. Supp. 2d 890, 893 (N.D. Ill. 2004) (holding that whether statutes of limitation had been tolled was a controlling question of law because if they "were not tolled, plaintiffs' surviving claims here are untimely and must be dismissed.") Because the question of law regarding the accrual date for Plaintiff's remaining claims is controlling, this statutory element of 28 U.S.C. § 1292(b) is met.

## IV.    THE PURE QUESTION OF LAW IS "CONTESTABLE."

28 U.S.C. § 1292(b) also requires that there be a "substantial ground for difference of opinion" with respect to the controlling question of law. 28 U.S.C. § 1292(b). Using the Seventh Circuit's terminology for this element, the question of law must be "contestable." *Ahrenholz,* 219 F.3d at 675. "'[A] court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute.'" *Sandifer v. U.S. Steel Corp.*, 2010 WL 61971, at *4 (N.D. Ind. Jan. 5, 2010) (internal citations omitted). "Contestable" questions of law may include those which "are not settled by controlling authority," questions for

which conflicting authority exists, questions of first impression, or when the district court's ruling "demonstrates the confusion posed by the question presented to [the Seventh Circuit] for review." *Id.*; *Boone*, 71 F.4th at 625; *Boim*, 291 F.3d at 1007-1008; *United States v. Wisconsin Bell, Inc.*, No. 2016 WL 3222843, at *1 (E.D. Wis. Jan. 20, 2016); *City of Joliet v. Mid-City Nat. Bank*, 2008 WL 4889038, at *2 (N.D. Ill. June 13, 2008).

### A. The Question of Law is a Matter of First Impression.

When the issue sought to be certified for interlocutory review presents a question of first impression, a "substantial ground for difference of opinion" exists under 28 U.S.C. § 1292(b). *Boim*, 291 F.3d at 1007-1008 ("As these are questions of first impression, the application of these statutes to the facts alleged here is certainly contestable, and the resolution of these issues will facilitate the conclusion of the litigation.") Here, the application of the statute of limitations to the facts alleged in Plaintiff's Complaint, the interpretation of *Heck* and its progeny's favorable termination rule, and this rule's tolling effect on Plaintiff's claims in this case appear to be a matter of first impression. Accordingly, this issue is "contestable" and should be certified for interlocutory appeal.

The Complaint alleges that a jury trial was held in state court between March 7th and March 14, 2014, on various criminal charges for which the State was prosecuting Plaintiff. (Dkt. 1 at p. 6-7). During the jury's deliberations, Plaintiff alleges that Deputy Do answered a question posed by a juror and informed jurors that they could not "be hung or deadlocked." (*Id.*) The Complaint also contends that Deputies Do and Woida did nothing to inform the court of the juror's question or

Deputy Do's response prior to or after the announcement of the verdict. (*Id.* at p. 7) In January 2020, an evidentiary hearing was held to determine whether the guilty verdicts were invalid due to the jury being prejudiced by extraneous information. (*Id.* at p. 12). Finding that at least one juror received prejudicial extraneous information, the state court vacated Plaintiff's convictions on March 11, 2020, and ordered a new trial on the charges. (*Id.*) On the prosecution's motion, the court dismissed all criminal charges against Plaintiff with prejudice on October 24, 2022. (*Id.* at p. 13).

Neither the parties nor the Court have identified a case or other legal authority addressing the application of *Heck's* favorable termination rule and its tolling effect on the statute of limitations for the § 1983 claims asserted in this case or as applied to the factual context alleged in Plaintiff's Complaint. More specifically, Defendants have not located—and neither Plaintiff nor the Court have identified—any legal precedent addressing the appropriate accrual date for § 1983 claims that are based upon allegations that a bailiff provided prejudicial, extraneous information to a jury during a criminal trial in state court; the jury's guilty verdicts and the criminal defendant's convictions were vacated as a result; the state court ordered a new trial on the same charges; the State continued to prosecute the charges; and the charges were later dismissed with prejudice.

Rather, in denying Defendants' Motion for Judgment on the Pleadings as it related to their statute of limitations arguments, the Court primarily relied on *Heck*, *McDonough v. Smith*, 588 U.S. 109 (2019), and *Camm v. Faith*, 937 F.3d 1096, 1108 (7th Cir. 2019). (Dkt. 38). *Heck* involved a § 1983 claim that was based on the

plaintiff's allegations that the defendants "had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved petitioner's innocence; and caused 'an illegal an unlawful voice identification procedure.'" *Heck v. Humphrey*, 512 U.S. 477, 479 (1994). In *Heck*, the Court analogized the plaintiff's § 1983 claim to a common-law cause of action for malicious prosecution. *Id.* at 484. The Court noted that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Id.* The *Heck* Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-487 (emphasis in original). The Court also clarified, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.* at 487 (emphasis in original).

    *McDonough* also involved a § 1983 claim through which the plaintiff sought "to vindicate a right not to be deprived of liberty as a result of the fabrication of evidence

by a government officer." *McDonough*, 588 U.S. 115. Like *Heck*, the Court held that "malicious prosecution is the most analogous common-law tort here." *Id.* at 116 (internal quotation marks and citations omitted). The *McDonough* Court reasoned, "[a]s *Heck* explains, malicious prosecution's favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *Id.* at 117-118 (internal citations omitted). Accordingly, the Court held that "[t]here is not a complete and present cause of action[ ] **to bring a fabricated-evidence challenge** to criminal proceedings while those criminal proceedings are ongoing." *Id.* at 119 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (internal quotation marks omitted) (emphasis added).

In relevant part, *Camm* involved a § 1983 claim based on an alleged *Brady* violation relating to the defendants' "suppression of three baskets of evidence." *Camm v. Faith*, 937 F.3d 1096, 1108-1109 (7th Cir. 2019). The *Camm* court held that concerns relating to parallel criminal and civil litigation and the possibility of conflicting judgments, as well as the *McDonough* Court's holding that "'[t]here is not a complete and present cause of action to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing'" "have just as much force in the *Brady* context. *Id.* at 1112 (internal citations omitted). Accordingly, the Court held "that the statute of limitations for a *Brady* claim does not accrue until the criminal proceedings terminate in the defendant's favor." *Id.*

In the present case, Plaintiff challenges the conduct of two bailiffs at his criminal trial, neither of whom are alleged to have had any role or involvement in the State's prosecution of Plaintiff. There is no alleged *Brady* violation or any contentions relating to the fabrication, suppression, or destruction of evidence that resulted in Plaintiff's convictions. Rather, his surviving § 1983 claims allege violations of his rights to a first trial, due process, and to be free from "cruel and unusual punishment." Unlike *Heck* and *McDonough*, the common-law tort of malicious prosecution is not analogous to Plaintiff's § 1983 claims in this lawsuit. And although the *Heck* doctrine's application is not limited malicious prosecution claims or *Brady* violations, the interpretation as to *Heck's* favorable termination rule and its tolling effect on Plaintiff's claims in the context of the factual allegations in the Complaint do not appear to have been addressed and presents a question of first impression.

In its ruling, the Court also noted that had Plaintiff been required to file this action after the subject convictions had been vacated but before the charges had been dismissed, Plaintiff would have had the right to plead the 5th Amendment in the civil matter, and his participation in the civil discovery process could interfere with his criminal defense absent the civil case being stayed. (Dkt. 38). Whether a plaintiff's concerns about asserting is 5th Amendment rights in a civil case or the potential that the civil case would be stayed pending the resolution of criminal proceedings may serve as a basis to toll the statute of limitations also appears to be a matter of first impression.

*Dukes v. Washburn*, 600 F. Supp. 3d 885 (N.D. Ill. 2022) was discussed in the parties' briefing, which held that the plaintiff's fabrication of evidence claim had not accrued until he was acquitted, despite an earlier vacation of a conviction for the same crime. As for its reasoning, the court stated that the plaintiff "would have been placed in the untenable position of mounting a civil action challenging criminal proceedings while he faced re-trial for murder charges in those same proceedings." *Dukes v. Washburn*, 600 F. Supp. 3d 885, 896 (N.D. Ill. 2022). However, *Dukes* involved a claim based on the alleged fabrication of evidence that supported the prosecution of charges against the plaintiff.

In contrast, Plaintiff alleges that his convictions were vacated on March 11, 2020, because of the state court's finding that a bailiff provided prejudicial, extraneous information to the jury. Even though a new trial was ordered, once the convictions were vacated, no order in the criminal case could have had any effect on any of Plaintiff's civil claims in this case. Defendants maintain that this lawsuit is not parallel to the State's retrial of Plaintiff because the challenged actions of the bailiffs are alleged to have occurred prior to the convictions being vacated; they have no bearing on or substantive relationship to the criminal case after March 11, 2020; and Plaintiff does not challenge any aspect of the prosecution or due process in connection with his criminal prosecution after the convictions had been vacated.

Moreover, the *Dukes* court noted:

> Yet no court has addressed the precise argument Defendants raise—whether, in the context of multiple trials, favorable termination occurs upon reversal of a conviction based upon the trial court's admission of

> evidence that forms the basis for Plaintiff's fabrication of
> evidence claim, even if Plaintiff's criminal case remains
> ongoing.

*Dukes*, 600 F. Supp. 3d at 895. Although *Dukes* specifically involved a fabrication of evidence claim—which is dissimilar to the claims at issue in this case—the court's acknowledgement of the lack of authority on the issue further supports the contestability of the issue presented in this matter for interlocutory review. Because the issue of whether the same concerns outlined in *Dukes* and *McDonough* apply in this case, and whether these concerns establish a basis to toll the statute of limitations has not been settled, the issue for certification presents a question of first impression. As such, this question of law is "contestable" under 28 U.S.C. § 1292(b).

## B. There is Conflicting Authority on the Question of Law Presented.

Additionally, even if the Court is unable to conclude that this is a question of first impression, the issue is still "contestable" due to the existence of conflicting authority as to the question of law presented for appeal in this Motion. *Heck* and its progeny only bar claims alleging harm "caused by actions whose unlawfulness would render a conviction or sentence invalid . . . ." *Heck*, 512 U.S. at 486. In *Heck*, the Supreme Court specifically directed courts to allow actions to proceed if the claim at issue "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Heck*, 512 U.S. at 487. "An accrual analysis begins with identifying the specific constitutional right alleged to have been infringed." *McDonough*, 588 U.S. 115 (internal quotation marks and citations omitted). Thus, when a § 1983 claim does not implicate a criminal conviction or outstanding criminal judgment, the time of accrual "is presumptively 'when the plaintiff has "a complete

and present cause of action"' . . . ." *Id.* (internal citations omitted); *Heck*, 512 U.S. at 487.

Defendants have argued that *Heck* and its progeny, when applied to the factual allegations in this case, establish that Plaintiff's claims accrued on March 11, 2020, when the convictions that would have been implicated by this lawsuit were vacated. In support of their position, Defendants argued that a finding in this case that Deputy Do and/or Deputy Woida violated Plaintiff's constitutional rights in providing information to the jury would not have called into question the relevant convictions after they had been vacated. Likewise, such a finding against Deputies Do or Woida would not have implicated or invalidated a potential conviction resulting from the second trial.

In its ruling, the Court appeared to agree with Defendants on this point when it stated that if "there had been a decision that [Deputies] Do and Woida violated his constitutional rights in the way they behaved with the jury, that wouldn't have invalidated a second – a conviction that might have resulted from a second trial." (Dkt. 38 at 37:00 – 37:14). The Court then indicated "that kind of shape of a *Heck* claim doesn't really seem to apply here . . . ." (*Id.* at 37:15 – 37:25).

Defendants maintain that because the convictions were vacated on March 11, 2020, and a finding that either bailiff violated Plaintiff's rights by communicating with the jury would not have implicated a later conviction on the same charges, *Heck* could not have tolled the statute of limitations beyond March 11, 2020, at which time Plaintiff had a "complete and present cause of action." *McDonough*, 588 U.S. 115

(internal quotation marks and citations omitted). However, despite the apparent finding of *Heck's* inapplicability after Plaintiff's convictions were vacated, the Court held that underlying policy considerations outlined in *Heck* and its progeny supported a finding that Plaintiff's claims accrued on October 24, 2022, when the criminal charges were dismissed with prejudice. The Court's decision in this regard appears to conflict with the general holdings of *Heck* and its progeny as to when a claim accrues under the favorable termination rule. Prior to March 11, 2020, Plaintiff's claims would have necessarily implied the invalidity of his convictions, and therefore they would not have accrued until the date on which his convictions were "'declared invalid by a state tribunal authorized to make such determination. . . .'" *Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (quoting *Heck*, 512 U.S. at 487).

The Supreme Court's decision in *Muhammad v. Close*, 540 U.S. 749 (2004) also illustrates the apparent conflict with the Court's ruling on this on this issue. Although *Muhammad* involved different facts than those alleged in this matter, the Court's holding in that case appears to support Defendants' position. There, the Court noted that the plaintiff's § 1983 suit could not "be construed as a seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence." *Muhammad v. Close*, 540 U.S. 749, 755 (2004). Consequently, the Court held "that *Heck's* favorable termination requirement was inapplicable." *Id.* Similarly, here, Plaintiff's claims cannot be construed as seeking a civil judgment at odds with his convictions at any point after the convictions had been invalidated and vacated. Accordingly, *Heck's* favorable termination

requirement was inapplicable as of the date when Plaintiff's convictions were vacated, and it did not toll the statute of limitations beyond March 11, 2020.

Further supporting the existence of a conflict of authority on this particular issue, the Court noted during the oral ruling that "since the Supreme Court decided *Heck*, courts have been back and forth with the question of whether if a § 1983 claim starts to accrue if the government elects . . . more like when a 1983 claim starts to accrue if the government elects to retry a criminal defendant after a his conviction has been invalidated in some way." (Dkt. 38 at 29:00 – 29:30). The "back and forth" between courts on this issue that this Court referenced demonstrates either a conflict of authority or that this issue has not been definitively settled by existing authority. In either case, this further supports that this issue is "contestable" and should be certified for interlocutory appeal.

### C. The Court's Ruling Demonstrates the Confusion Posed by the Question of Law Presented.

In *Boone v. Ill. Dep't of Corr.*, 71 F.4th 622 (7th Cir. 2023), the Seventh Circuit approved the district court's certification of the following issue for appeal: "Whether, given the district court's correct determination that Section 13.5 is a declaration of existing law that did not change the HCRCA, the district court cannot grant Plaintiffs any meaningful relief." *Boone*, 71 F.4th at 625. In determining the contestability of this issue for purposes of 28 U.S.C. § 1292(b), the Seventh Circuit noted that the district explained that the plaintiffs were unlikely to succeed on the merits of their claim, "but it nevertheless held that they might be entitled to some relief." *Id.* The Seventh Circuit noted that the district court's finding in this regard, "demonstrate[d]

the confusion posed by the question presented to us for review[,]" and held that the issue was contestable for purposes of an interlocutory appeal. *Id.*

As previously discussed, the Court's denial of Defendants' Motion for Judgment on the Pleadings as it related to their statute of limitations arguments was rooted in the underlying policy considerations set forth in *Heck* and its progeny. However, in its oral ruling, the Court stated, "I have to confess, I'm really not entirely clear that Heck answers the question here." (Dkt. 38 at 35:50 – 36:00) The Court further explained, "And I don't get a whole lot more guidance from the more recent cases, the *McDonough* decision and the Seventh Circuit's decision in *Camm*. I'm not entirely sure that they're any more helpful." (*Id.* at 37:22 – 37:44). The Court stated that this case presented a more practical and pragmatic situation, and then outlined the policy considerations set forth in *McDonough* in providing reasoning for its decision in this case. The Court later stated that "even if *Heck* itself is not fully applicable or on all fours with the situation we have here, I think some of the policy ideas that underly *Heck*, that underly *McDonough*, counsel in favor of my finding that the plaintiff's claims accrued in October of 2022 when finally all of the criminal charges against him were dismissed by the Milwaukee County Circuit Court with prejudice. (*Id.* at 42:00 - 42:35).

The Court's statements during the oral ruling regarding the questionability of *Heck's* application to this case, as well as the doubt the Court expressed as to relevance of the holdings in *McDonough* and *Camm*, demonstrates the confusion posed by the statute of limitations issue for which Defendants seek certification to

appeal. In addition to the reasons set forth above, the confusing nature of the question of law presented for interlocutory review further supports a finding that this issue is "contestable" and satisfies this statutory element of 28 U.S.C. § 1292(b).

## V. INTERLOCUTORY APPEAL OF THE CONTROLLING, CONTESTABLE, AND PURE QUESTION OF LAW "MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION."

As set forth above, the statute of limitations issue for which Defendants seek certification for interlocutory appeal is a controlling question of law on which there is substantial ground for a difference of opinion. "[A]ll that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk, LLC*, 672 F.3d at 536 (emphasis in original). "[N]either the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court." *Id.*

Again, the question of law presented for interlocutory appeal raises an issue that is dispositive as to all of Plaintiff's remaining claims. At the very least, this question of law "*may* materially advance the ultimate termination of the litigation" because a different opinion by the Seventh Circuit would resolve this litigation and alleviate the Court and the parties of the burden, time, and resources associated with the litigation at an early stage in the proceedings. *See Id.* (emphasis in original). Further, this action will already be subject to an interlocutory appeal based on the denial of qualified immunity benefiting Deputy Woida. Therefore, the issue presented

for certification also satisfies this statutory requirement for an interlocutory appeal.

*See Boone*, 71 F.4th at 625.

## **CONCLUSION**

Based upon the foregoing arguments and authorities, the Court should certify the following issue for interlocutory appeal:

> For purposes of the statute of limitations, did Plaintiff's 42 U.S.C. § 1983 claims against Defendants Do and Woida accrue: (1) at the time Plaintiff's underlying criminal convictions were invalidated and vacated on March 11, 2020; or (2) at the time Plaintiff's underlying criminal case was dismissed with prejudice on October 24, 2022.

This statute of limitations issue presents a controlling, pure question of law on which there is substantial ground for difference of opinion, and an immediate appeal of this issue serves to materially advance the termination of this litigation. The Seventh Circuit has held that both it and district courts have a duty to permit an interlocutory appeal when the statutory requirements of 28 U.S.C. § 1292(b) have been met. *Ahrenholz,* 219 F.3d at 677. Accordingly, Defendants respectfully request that the Court grant their Motion and certify the above-identified issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

(signature on following page)

Dated this 27th day of November, 2024.

By: _s/ Zachary J. Flood_
SAMUEL C. HALL, JR.
State Bar No. 1045476
BRIANNA J. MEYER
State Bar No. 1098293
ZACHARY J. FLOOD
State Bar No. 1099136
BENJAMIN J. NICHOLS
State Bar No. 1138101
Attorneys for Defendants Milwaukee
County, Deputy Vu Do, Deputy Scott
Woida and David Clarke
CRIVELLO, NICHOLAS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Ph: (414) 271-7722
Fax: (414) 271-4438
E-mail: SHall@CrivelloLaw.com
BMeyer@CrivelloLaw.com
ZFlood@CrivelloLaw.com
BNichols@CrivelloLaw.com