IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MARWAN MAHAJNI,

    Plaintiff,

Case No: 24-CV-416

v.

DEPUTY VU DO, in his individual capacity,
DEPUTY SCOTT WOIDA, in his individual capacity,
JOHN DOE DEFENDANTS 1 - 5, and
ABC INSURANCE COMPANY,

    Defendants.

## DEFENDANTS DEPUTY VU DO AND DEPUTY SCOTT WOIDA'S BRIEF IN SUPPORT OF MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL

### INTRODUCTION

Defendants Deputy Vu Do and Deputy Scott Woida, by their attorneys Crivello, Nichols & Hall, S.C., respectfully submit this Reply Brief in support of their Motion to Certify Issue for Interlocutory Appeal (Dkt. 42), which was made pursuant to 28 U.S.C. § 1292(b). The Court should grant Defendants' Motion because they have sufficiently established that the following issue is appropriate for interlocutory appeal:

> For purposes of the statute of limitations, did Plaintiff's 42 U.S.C. § 1983 claims against Defendants Do and Woida accrue: (1) at the time Plaintiff's underlying criminal convictions were invalidated and vacated on March 11, 2020; or (2) at the time Plaintiff's underlying criminal case was dismissed with prejudice on October 24, 2022.

Federal courts of appeals have discretion to permit an immediate appeal of district courts' orders in civil actions that are not otherwise subject to interlocutory appeal, when the district court is of the opinion that the order sought to be appealed "involves a controlling question of law as to which

there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). The Seventh Circuit has interpreted the requirements of 28 U.S.C. § 1292(b) as follows: "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675–76 (7th Cir. 2000) (emphasis in original). In addition to the aforementioned statutory criteria, "[t]here is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.*

As set forth in Defendants' briefing on this Motion, the non-statutory timeliness requirement and the statutory elements of 28 U.S.C. § 1292(b) applicable to Defendants' Motion are satisfied. Accordingly, the Court should adhere to its duty, as emphasized by the Seventh Circuit, and certify the statute of limitations issue for interlocutory appeal. *See id.* at 677. (emphasizing that it is "the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met . . . .")

## ARGUMENT

I. **DEFENDANTS' MOTION WAS TIMELY MADE AND CONCERNS A CONTROLLING QUESTION OF LAW THAT MAY MATERIALLY ADVANCE THIS LITIGATION.**

As an initial matter, Plaintiff concedes that the non-statutory timeliness requirement applicable to Defendants' Motion has been met. (Dkt. 52 at p. 4). He also concedes that the statute of limitations issue presented for certification is a pure question of law that is controlling in this case, and the resolution of this question of law may materially advance this litigation. (*Id.* at pp. 5-6, 13-14). For the reasons set forth in Defendants' moving brief—and considering Plaintiff's concessions in his response—the non-statutory requirement and the statutory criteria requiring that the issue presented for interlocutory appeal be a controlling question of law, the resolution of which may materially

advance this litigation, have been met. Accordingly, Defendants do not further address these issues in their reply brief.

## II. THE PURE QUESTION OF LAW IS "CONTESTABLE."

The only dispute between the parties regarding the application of 28 U.S.C. § 1292(b)'s statutory requirements to the issue presented for interlocutory appeal is whether there is substantial ground for difference of opinion, *i.e.*, whether the question of law is "contestable." "Contestable" questions of law may include: (1) those which are "'not settled by controlling authority' and a 'substantial likelihood exists that the district court's ruling will be reversed on appeal[,]'" *City of Joliet v. Mid-City Nat. Bank*, 2008 WL 4889038, at *2 (N.D. Ill. June 13, 2008) (internal citations omitted); (2) questions for which conflicting authority exists, *Sandifer v. U.S. Steel Corp.*, 2010 WL 61971, at *4 (N.D. Ind. Jan. 5, 2010); *see also Design Basics, LLC v. Lancia Homes, Inc.*, 2017 WL 942722, *3 (N.D. Ind. Mar. 9, 2017); *United States v. Wisconsin Bell, Inc.*, No. 2016 WL 3222843, at *1 (E.D. Wis. Jan. 20, 2016) (internal citations omitted); (3) questions of first impression, *Boim v. Quranic Literacy Inst. and Holy Land Foundation for Relief and Development*, 291 F.3d 1000, 1007 (7th Cir. 2002); or (4) when the district court's ruling "demonstrates the confusion posed by the question presented to [the Seventh Circuit] for review." *Boone v. Illinois Dep't of Corr.*, 71 F.4th 622, 625 (7th Cir. 2023).

As to this element of 28 U.S.C. § 1292(b), Plaintiff argues that Defendants failed to meet their statutory burden in two ways:

> First, Defendants cannot show that that [sic] there is substantial ground for difference of opinion as required by §1292(b) for certification. Second, Defendants have not shown that this issue is contestable.

(*Id.* at p. 4). Although Plaintiff presented these issues as being separate and distinct from one another, they are one in the same. Whether the question of law is "contestable" simply represents the Seventh Circuit's phraseology for 28 U.S.C. § 1292(b)'s third statutory criterion, which requires that "there is substantial ground for difference of opinion" as to the controlling question of law. *See* 28 U.S.C.

§ 1292(b); *see also Ahrenholz*, 219 F.3d at 675; *see also Sandifer v. U.S. Steel Corp.*, 2010 WL 61971, at *4 (N.D. Ind. Jan. 5, 2010) ("The third statutory criterion is whether the question of law is contestable, that is, whether 'substantial grounds for a difference of opinion' on the issue exist.") (internal citations omitted).

Therefore, the existence of substantial grounds for difference of opinion and the contestability of the issue are not two separate elements Defendants are required to satisfy. Rather, this represents different terminology that refers to the same statutory criterion under 28 U.S.C. § 1292(b). *See Est. of Rice v. Books*, 2014 WL 4906139, at *4 (N.D. Ind. Sept. 30, 2014) ("the requirement that the issue be 'contested' for § 1292(b) certification is simply shorthand for this statutory language: 'that such order involves a controlling question of law as to which there is substantial ground for difference of opinion . . . .'")

Regardless, Plaintiff's position that the statute of limitations issue that is the subject of Defendants' Motion is not contestable is without merit. Because this issue presents a matter of first impression within the alleged factual context of Plaintiff's Complaint, conflicting authority on the issue exists, and the apparent confusion posed by this question of law, there is substantial ground for difference of opinion, and thus, it is a "contestable" issue for purposes of 28 U.S.C. § 1292(b).

### A. The Question of Law is a Matter of First Impression.

The application of the statute of limitations to the facts alleged in Plaintiff's Complaint, the interpretation of *Heck*[1] and its progeny's favorable termination rule as applied to the alleged facts, and the tolling effect on Plaintiff's claims in this case appear to be a matter of first impression. Thus, a "substantial ground for difference of opinion" exists under 28 U.S.C. § 1292(b). *See Boim*, 291 F.3d at 1007-1008 ("As these are questions of first impression, the application of these statutes to the facts

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

alleged here is certainly contestable, and the resolution of these issues will facilitate the conclusion of the litigation.")

Contrary to Plaintiff's interpretation, Defendants do not propose that the identification of existing precedent addressing the "the identical set of facts presented in this case[,]" is necessary to establish that the question of law at issue here is a matter of first impression. (*See* Dkt. 52 at p. 6). However, the proper application and determination as to the scope of relevant legal standards necessarily involve an analysis of the law as applied to the facts of the case, and the *Heck* doctrine is no exception. *See Johnson v. Winstead*, 900 F.3d 428, 437 (7th Cir. 2018) (noting that the Seventh Circuit has approached "*Heck* questions on a fact-intensive, case-by-case basis.") (citing, *e.g.*, *Matz v. Klotka*, 769 F.3d 517, 530-31 (7th Cir. 2014); *Hill v. Murphy*, 785 F.3d 242, 246–47 (7th Cir. 2015)).

Here, no party has identified precedent which conclusively addresses the scope of *Heck's* favorable termination rule and its tolling effect on the statute of limitations for Plaintiff's § 1983 claims,[2] as applied within the alleged factual context giving rise to these claims. And simply because Plaintiff contends that *Heck* has been applied in various cases "presenting a unique set of factual scenarios" does not automatically mean that its application and scope in relation to the facts and claims alleged in the Complaint has "been consistently applied" by the courts. (*See id.* at p. 5); *see, e.g., Johnson*, 900 F.3d at 437 (stating that Seventh Circuit precedent has "sent mixed signals on the methodological question" regarding *Heck's* application and noting that some Seventh Circuit cases "take a categorical

---

[2] Plaintiff's § 1983 claims include: (1) an alleged violation of his right to a fair trial under the Sixth and Fourteenth Amendments; (2) a substantively identical claim for the alleged violation of his due process rights under the Fourteenth Amendment; and (3) a claim for "cruel and unusual punishment" under the Fourth and Fourteenth Amendments—even though Plaintiff does not allege he was a convicted prisoner at the time of Defendants' alleged actions, and despite the fact that the Supreme Court has long recognized the prohibition of cruel and unusual punishment as arising under the Eighth Amendment and only applies to those convicted of crimes, *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). (*See* Dkt. 1 at pp. 14-15, 18-19).

approach to *Heck* questions," while "[o]thers approach *Heck* on a fact-intensive, case-by-case basis.") (internal citations omitted).[3]

In denying Defendants' Motion for Judgment on the Pleadings as it related to their statute of limitations arguments, the Court primarily relied on *Heck*, *McDonough v. Smith*, 588 U.S. 109 (2019), and *Camm v. Faith*, 937 F.3d 1096 (7th Cir. 2019). (Dkt. 38). Similarly, Plaintiff heavily relies on these decisions in support his arguments that the issue Defendants seek to appeal is not a matter of first impression. (Dkt. 52 at pp. 8-10). But *Heck, McDonough,* and *Camm* involved § 1983 claims based on allegations that the defendants had fabricated and/or suppressed evidence that resulted in the plaintiffs' criminal convictions. *Heck v. Humphrey*, 512 U.S. 477, 479 (1994); *McDonough v. Smith*, 588 U.S. 109, 115 (2019); *Camm v. Faith*, 937 F.3d 1096, 1108-09 (7th Cir. 2019). In both *Heck* and *McDonough*, the courts analogized the plaintiffs' § 1983 claims to a common-law cause of action for malicious prosecution, which required proof of "termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484; *McDonough*, 588 U.S. at 116. Relying on *Heck* and *McDonough*, the *Camm* court interpreted the plaintiff's claim based the alleged suppression of evidence as a *Brady* claim, which "accrue[s] when the [criminal] defendant [is] finally acquitted." *Camm*, 937 F.3d at 1110 (internal citations omitted). In those cases, the courts held that the § 1983 claims at issue did not accrue until the termination of the criminal proceedings in the plaintiffs' favor had occurred because— consistent with the *Heck* doctrine—a finding for the plaintiffs on these claims in civil court and prior to favorable termination of the state criminal cases would necessarily imply the invalidity of their outstanding criminal judgments.

---

[3] Similarly, the issue Defendants seek to appeal is plainly distinguishable from the issue that was not certified for appeal in *Aspen Am. Ins. Co. v. Charmoli*, 2023 WL 4562548 (E.D. Wis. July 17, 2023), which Plaintiff relies on to support his argument that matters of first impression are not categorically subject to interlocutory appeal. In that case, despite its novelty, the court held that the following issue did not provide grounds for interlocutory appeal: "[W]hether the phrase 'eighteen years of age' as used in the Twenty-Sixth Amendment refers to Earth years or Martian years . . . ." *Aspen*, 2023 WL 4562548 at *3.

In contrast here, there is no alleged *Brady* violation or any contentions relating to the fabrication, suppression, or destruction of evidence that resulted in Plaintiff's convictions, *i.e.*, the category of allegations and claims for which *Heck*, *McDonough*, *Camm*, and *Dukes v. Washburn*, 600 F. Supp. 3d 885 (N.D. Ill. 2022) applied *Heck's* favorable termination rule. Unlike *Heck*, *McDonough*, *Camm*, and *Dukes*, Plaintiff does not allege any wrongdoing by the investigating law enforcement officers or an investigating agent with respect to their involvement in the State's prosecution of him or in relation to their handling of evidence in his underlying criminal case. Instead, Plaintiff challenges the conduct of two bailiffs at his criminal trial, neither of whom are alleged to have had any role or involvement in the State's prosecution of Plaintiff. The facts alleged in Plaintiff's Complaint and his § 1983 claims based upon these allegations are materially dissimilar to the facts, claims, and considerations involved in *Heck*, *McDonough*, *Camm*, and *Dukes*.

Neither the Court nor the parties have identified existing precedent addressing the appropriate accrual date for § 1983 claims involving violations of a person's rights to a fair trial and due process which are based upon allegations analogous to those in Plaintiff's Complaint: that a bailiff provided prejudicial, extraneous information to a jury during a criminal trial in state court; the jury's guilty verdicts and the criminal defendant's convictions were invalidated and vacated as a result; and after a new trial was ordered, the charges were later dismissed with prejudice. Moreover, none of the decisions relied upon by the Court or the parties have held that a § 1983 claim is barred or tolled under *Heck* if a finding in a civil action in the plaintiff's favor would <u>not</u> implicate criminal convictions that had been vacated or invalidated, or which could <u>not</u> have implied the invalidity of a potential, later conviction on same charges. (*See* Dkt. 38 at 37:00 – 37:14; *see also* Dkt. 52 at p. 7-8); *compare with*, *Heck* 512 U.S. at 487 ("if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed

to proceed, in the absence of some other bar to the suit.") Accordingly, this issue presents a matter of first impression and is "contestable" for purposes of 28 U.S.C. § 1292(b).

### B. There is Conflicting Authority on the Question of Law Presented.

Even if the Court is unable to conclude that this is a matter of first impression because the general holdings of *Heck* and its progeny can be broadly applied to the facts alleged in this case, the issue is still "contestable" due to the existence of conflicting authority as to the question of law presented. Because the actions challenged by Plaintiff in this case—if found to be unlawful—would not render any underlying criminal conviction invalid after March 11, 2020, the Court's ruling conflicts with existing authority. Similarly, because this existing authority supports that Plaintiff's claims accrued on March 11, 2020, Defendants have demonstrated a substantial likelihood that the statute of limitations issue will be reversed on appeal.

*Heck* and its progeny only bar claims alleging harm "caused by actions whose unlawfulness would render a conviction or sentence invalid . . . ." *Heck*, 512 U.S. at 486. *Heck's* general holding in this regard is not disputed by Plaintiff. (Dkt. 52 at p. 11). Instead, Plaintiff's response to Defendants' arguments regarding the existence of conflicting authority on the issue focuses heavily on Defendants' use of the words "invalidate" and "vacate" to describe Plaintiff's underlying convictions. (Dkt. 52 at pp. 10-11). He argues that Defendants "fail to bring the [*Heck*] analysis full circle," because although Defendants' "actions had been exposed[,]" Plaintiff's "sentence was not invalid; it was merely vacated." (*Id.* at p. 11). But Plaintiff's arguments overlook his own allegations in the Complaint. Citing Exhibit A to his Complaint, in paragraph 89 of the Complaint, Plaintiff alleges:

> The Wisconsin Court of Appeals issued a decision on June 27, 2019 concluding "that Mahajni has made sufficient showings to entitle him to an evidentiary hearing on his claim that **the guilty verdicts are invalid** because the jury was prejudiced by extraneous information."

(Dkt. 1 at p. 12) (emphasis added). "Pursuant to the direction of the Wisconsin Court of Appeals[,]" an evidentiary hearing was conducted, and "[t]he government conceded and the trial court concluded

on March 11, 2020 that "this court must find that at least one juror received prejudicial extraneous information and that a new trial is required as a remedy." (*Id.*) Based on the government's "concession" and the findings of the evidentiary hearing, the court ordered the prior to convictions **<u>vacated</u>** . . . ." (*Id.*) (emphasis added). Regardless, any distinction is ultimately immaterial because, after March 11, 2020, Plaintiff had a complete and present action, and a district court's finding in a civil action that Defendants' alleged conduct was unlawful would not have implicated the convictions that had been vacated or called into question potential, later convictions on the same charges.

"An accrual analysis begins with identifying the specific constitutional right alleged to have been infringed." *McDonough*, 588 U.S. 115 (internal quotation marks and citations omitted). Here, the rights alleged to have been infringed are Plaintiff's right to a fair trial and due process under the Sixth and Fourteenth Amendments, and the Complaint contends that Defendants violated these rights on March 10, 2014. (Dkt. 1 at p. 6). As a result, Plaintiff alleges he was convicted and sentenced to prison—which are species of damages for his § 1983 claims, not standalone constitutional violations. The validity of these convictions are alleged to have been later challenged and then vacated on March 11, 2020.

In its ruling, this Court correctly stated that if "there had been a decision that [Deputies] Do and Woida violated his constitutional rights in the way they behaved with the jury, that wouldn't have invalidated a second—a conviction that might have resulted from a second trial." (Dkt. 38 at 37:00 – 37:14). Based on this reasoning, the Court indicated "that kind of shape of a *Heck* claim doesn't really seem to apply here . . . ." (*Id.* at 37:15 – 37:25). Plaintiff also correctly notes in his response, "If convicted a second time, it would not have mattered that Defendants Do and Woida interfered with the first trial, because the outcome—being found guilty by a second jury that was not tampered with—would not have changed." (Dkt. 52 at pp. 7-8).

Defendants, Plaintiff, and the Court are all correct in this regard: After Plaintiff's convictions were vacated on March 11, 2020, a finding by a district court in a civil action that Defendants violated Plaintiff's right to a fair trial on March 10, 2014, could not have implied the invalidity or called into question the validity of an outstanding criminal conviction, sentence, or a potential conviction resulting from a subsequent trial on the same charges. The conduct challenged in this case was allegedly addressed in the criminal proceedings, and Plaintiff claims that the convictions resulting from this conduct were vacated and a new trial was ordered. A new criminal trial would have been unnecessary if Defendants' alleged conduct could have invalidated a conviction resulting from the second trial. Again, Defendants are not alleged to have had any role in the prosecution of Plaintiff or that they fabricated or suppressed evidence to support a malicious prosecution claim or *Brady* violation. Unlike *Heck*, *McDonough*, *Camm*, and *Duke*, Defendants' alleged conduct had no impact on Plaintiff's criminal case after a new trial had been ordered, or the potential outcome of the subsequent trial, including any resulting conviction or sentence.

In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court acknowledged "that § 1983 actions, unlike the tort of malicious prosecution which *Heck* took as its model, sometimes accrue before the setting aside of—indeed, even before the existence of—the related criminal conviction." *Id.* at 394 (internal citations omitted). Plaintiff's claims against Defendants in this case are similarly unlike the tort of malicious prosecution, which requires a finding that: (1) the underlying prosecution was initiated without probable cause; (2) the defendant's motive in bringing the charges was malicious, which can be inferred if the defendant lacked probable cause and the circumstances indicate a lack of good faith; and (3) the plaintiff was not convicted of the crimes for which he was prosecuted. *Thompson v. Clark*, 596 U.S. 36, 42, 44, 49 (2022); *see also Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019) (". . . the existence of probable cause for the arrest would also bar recovery on a theory of malicious prosecution.") Based on Plaintiff's allegations and the claims asserted in the Complaint, he had a

complete and present cause of action on March 11, 2020, when the convictions were vacated and Defendants' alleged conduct was "exposed" because a finding of unlawfulness of Defendants' alleged conduct had no possibility of implicating any outstanding criminal conviction or sentence.

The *Wallace* Court also expressly rejected applying *Heck* to toll the statute of limitations because the civil action may "impugn *an anticipated future conviction*":

> What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck:* that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, see *Heck,* 512 U.S., at 487, n. 7, 114 S.Ct. 2364—all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the *Heck*-required setting aside of the extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs—what will the trigger be then?

*Wallace v. Kato*, 549 U.S. 384, 393 (2007) (emphasis in original).

The *Wallace* decision also indicates that the likelihood of a stay of the civil action while a parallel state-court proceeding was pending does not justify tolling the statute of limitations under *Heck*. *Wallace*, 549 U.S. at 394. In declining to "embrace this bizarre extension of *Heck*[,]" the Court stated:

> If a plaintiff files a false-arrest claim before he has been convicted (**or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial**), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See *id.,* at 487–488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* (emphasis added). The *Wallace* Court further reasoned:

> It would hardly be desirable to place the question of tolling *vel non* in this jurisprudential limbo, leaving it to be determined by those later events, and then pronouncing it retroactively. **Defendants need to be on notice to preserve beyond the normal limitations period evidence that will be needed for their defense; and a statute that becomes retroactively extended, by the action of the plaintiff in crafting a conviction-impugning cause of action, is hardly a statute of repose**.

(*Id.* at 395) (emphasis added).

Moreover, *Wallace* also rejected the notion that equitable tolling should apply if "the issues that a § 1983 claim would raise are being pursued in state court." *Id.* at 396.

> As best we can tell, the only rationale for such a rule is the concern that "petitioner would have had to divide his attention between criminal and civil cases." But when has it been the law that a criminal defendant, or a potential criminal defendant, is absolved from all other responsibilities that the law would otherwise place upon him?

*Id.* (internal citations omitted). The Court posited that to adopt such a rule would result in a "system of stays and dismissals." *Id.* And it balanced potential concerns about dividing a plaintiff's attention between state and federal court with state and municipal governments' "'strong interest in timely notice of alleged misconduct by their agents.'" *Id.* (internal citations omitted).

"[T]he *Heck* rule for deferred accrual . . . delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn." *Id.* at 393 (emphasis in original). Accordingly, after March 11, 2020, the *Heck* doctrine did not bar Plaintiff from bringing the § 1983 claims asserted in this case because the harm alleged by Plaintiff was not "caused by actions whose unlawfulness would render a conviction or sentence invalid . . . ." *Heck*, 512 U.S. at 486. Indeed, the Supreme Court directs courts to allow actions to proceed if the claim at issue "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Id.* at 487. Moreover, existing authority supports that neither the likelihood of a stay, a civil court's abstention, nor equitable tolling justify the extending the accrual date for Plaintiff's § 1983 claims under *Heck* beyond the date on which his underlying criminal convictions were vacated. *See*

*Wallace*, 549 U.S. at 395-96. This authority conflicts with the Court's ruling, and the likelihood of reversal on appeal further support certifying this matter for interlocutory appeal.

### C. The Court's Ruling Demonstrates the Confusion Posed by the Question of Law Presented.

The Court's statements during the oral ruling regarding the questionability of *Heck's* application to this case, as well as the doubt the Court expressed as to relevance of the holdings in *McDonough* and *Camm*, also demonstrates the confusion posed by the issue for which Defendants seek certification to appeal. (*See* Dkt. 38 at 35:50 – 36:00, 37:22 – 37:44, 42:00 - 42:35). This alone can render an issue "contestable" under 28 U.S.C. § 1292(b). *See Boone v. Ill. Dep't of Corr.*, 71 F.4th 622 (7th Cir. 2023). Considering that this issue is a matter of first impression, the existence of conflicting authority on the matter, and because the determination of the appropriate tolling under *Heck* and its progeny can be fact-intensive and depends on various factors—including state court findings and a plaintiff's framing of § 1983 claims in the context of the facts alleged in civil court—the confusing nature of this question of law is inherent to the issue presented. This further supports a finding that this issue is "contestable" and satisfies this statutory element of 28 U.S.C. § 1292(b). *See id.*

## CONCLUSION

Based upon the foregoing arguments and authorities, Defendants respectfully request that the Court grant their Motion and certify the above-identified issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated this 31st day of December, 2024.

> By: *s/ Zachary J. Flood*
> SAMUEL C. HALL, JR.
> State Bar No. 1045476
> BRIANNA J. MEYER
> State Bar No. 1098293
> ZACHARY J. FLOOD
> State Bar No. 1099136
> BENJAMIN J. NICHOLS
> State Bar No. 1138101
> Attorneys for Defendants Milwaukee County, Deputy Vu Do, Deputy Scott Woida and David Clarke
> CRIVELLO, NICHOLAS & HALL, S.C.
> 710 N. Plankinton Avenue, Suite 500
> Milwaukee, WI 53203
> Ph: (414) 271-7722
> Fax: (414) 271-4438
> E-mail: SHall@CrivelloLaw.com
> BMeyer@CrivelloLaw.com
> ZFlood@CrivelloLaw.com
> BNichols@CrivelloLaw.com