MARWAY MAHAJNI,

          Plaintiff,

  v.

Case No. 24-cv-416-pp

DEPUTY VU DO, DEPUTY SCOTT WOIDA,
JOHN DOE DEFENDANTS 1-5
and ABC INSURANCE COMPANY,

          Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL (DKT. NO. 42)

On November 27, 2024, the defendants filed a motion, dkt. no. 42, asking the court to certify the following issue for interlocutory appeal:

> For purposes of the statute of limitations, did Plaintiff's 42 U.S.C. § 1983 claims against Defendants Do and Woida accrue:
>
> (1) at the time Plaintiff's underlying criminal convictions were invalidated and vacated on March 11, 2020; or
>
> (2) at the time Plaintiff's underlying criminal case was dismissed with prejudice on October 24, 2022.

Id. The court will grant the motion.

### I.    Background

On August 6, 2024, the plaintiff filed a complaint raising claims against Milwaukee County, Deputy Vu Do, Deputy Scott Woida, former Sheriff David Clarke, John Doe Defendants 1-5 and ABC Insurance Company. Dkt. No. 1 at ¶¶9-14. Broadly, the plaintiff alleges that the bailiffs at his criminal trial—

1

Deputies Do and Woida—improperly instructed jurors that "they *must* reach a unanimous verdict and cannot be deadlocked on any counts." Id. at ¶¶1-2 (emphasis in original). The plaintiff explains that after the deputies' wrongful interference, the jury found him guilty of one count of kidnapping and one count of 2nd degree sexual assault. Id. at ¶¶30-40. The trial court sentenced the plaintiff; on appeal, the Wisconsin Court of Appeals remanded the case so that the trial court could conduct an evidentiary hearing to determine whether the jury was prejudiced by extraneous information. Id. at ¶¶72, 77, 89. Because of testimony presented at the evidentiary hearing, "[t]he government conceded and the trial court concluded on March 11, 2020 that 'this court must find that at least one juror received prejudicial extraneous information and that a new trial is required as a remedy.'" Id. at ¶93. On March 11, 2020, the state trial court vacated the plaintiff's two convictions and the plaintiff entered a not guilty plea. Id. at ¶¶93-94. "On October 24, 2022, the State noted that they would be unable to meet their burden of proof against [the plaintiff], and then the state moved to dismiss all counts against [the plaintiff]." Id. at ¶97. "Based on the State's motion, the court dismissed all of the criminal charges against [the plaintiff] with prejudice." Id.

After answering the federal complaint, dkt. no. 16, the defendants filed a motion for judgment on the pleadings, dkt. no. 20. The defendants argued that (1) all the plaintiff's claims are barred by the relevant statute of limitations, (2) Deputy Woida is entitled to absolute immunity, (3) Deputies Do and Woida are entitled to qualified immunity, (4) the plaintiff failed to comply with the notice

2

Case 2:24-cv-00416-PP    Filed 03/10/25    Page 2 of 11    Document 54

requirements of Wis. Stat. §893.80(1d), (5) the plaintiff failed to state a Monell claim and (6) former Sheriff Clarke is not a proper party. Dkt. No. 21 at 4-22.

On November 20, 2024, this court held a hearing, granting in part and denying in part the motion for judgment on the pleadings. Dkt. Nos. 38-39. The court granted the defendants' motion to the extent that it dismissed the plaintiff's state law claims, his 42 U.S.C. §1983 municipal liability claims against the City of Milwaukee and David Clarke and his 42 U.S.C. §1983 individual capacity claims against David Clarke. Id. The court denied the defendants' motion regarding the statute of limitations, absolute immunity on behalf of defendant Do and qualified immunity on behalf of defendants Do and Woida.[1] Id.

Regarding the statute of limitation issue, the court observed that "both parties agree that the Heck doctrine in some way or another tolled the accrual of the plaintiff's claims, but they disagree about when that tolling occurred, or, I suppose, more to the point, when it ended." Dkt. No. 47 at 20 (citing Heck v. Humphrey, 512 U.S. 477 (1994)). The court explained that the defendants contend that the plaintiff's claim began accruing on March 11, 2020 (when the

---

[1] The court determined that the plaintiff sufficiently had alleged that defendant Do violated the clearly established right to have a jury free of prejudicial extraneous information. Dkt. No. 47 at 37. But the court observed that the qualified immunity question was "a little more complicated" with defendant Woida because "neither party separated out the [failure to intervene] allegations against Woida from the allegations against Do." Id. at 38. Ultimately, the court decided not to extend qualified immunity to defendant Woida, but clarified that it made that decision without prejudice so that the defendants could raise the argument at the summary judgment stage. Id. at 39-40.

3

trial court vacated the plaintiff's convictions) while the plaintiff argued that his claim began accruing on October 24, 2022 (when the state conceded it did not have sufficient evidence to convict the plaintiff and the trial court dismissed all of the criminal charges against the plaintiff with prejudice). Id. at 20-21. The court opined that it was "not entirely . . . clear that Heck answers the question here." Id. at 23. The court stated, "I don't get a whole lot more guidance from the more recent cases, the McDonough decision and—and the Seventh Circuit's decision in Camm, I'm not entirely sure that they're any more helpful." Id. at 24 (citing McDonough v. Smith, 588 U.S. 109 (2019); Camm v. Faith, 937 F.3d 1096 (7th Cir. 2019)). But the court opined that the instant case required "a more practical and pragmatic determination[,]" before explaining:

> If there were a parallel civil lawsuit going on at the same time, and let's say the defendants in the civil lawsuit wanted, for example, to get the plaintiff's testimony about his injuries, well, he'd have the right to plead the Fifth, and so the civil suit wouldn't be going anywhere. Maybe there would be evidence, other evidence that the defendants in the civil lawsuit would seek that could cause issues for the plaintiff in the criminal lawsuit.
>
> I agree that—that, you know, the same issue wouldn't be coming up in the criminal lawsuit, that is, an issue of bailiffs allegedly behaving improperly with the jury, but from a practical standpoint, I don't see how those two suits could have run parallel to each other without in some way or another endangering the plaintiff's trial rights in the criminal case and pretty much requiring the civil case probably to be stayed until the civil case was resolved.

Id. at 24-26. The court stated that "[s]ome of this circles back to the policy that underlies the Heck doctrine," and noted that, "[i]n McDonough, the Supreme Court was talking about the Heck doctrine, and it said that forcing a criminal defendant to kind of hurry up and file their 1983 in federal court before all the

4

criminal proceedings had finished on the state court level would expose a defendant to risk." Id. at 26. After reading several quotations from the McDonough decision, the court held the following:

> Now, again, I don't think that this—the plaintiff's claim here necessarily questioned the validity of the retrial in the state case, but I do think that this issue of sort of filing a civil case that could be dormant could be unripe due to a risk that it would impede the plaintiff's rights in his civil case—in his criminal case in state court applies here.
>
> So I think even if Heck itself is not fully applicable or on all fours with the situation that we have here, I think that some of the policy ideas that underlie Heck, that underlie McDonough, counsel in favor of my finding that the plaintiff's claims accrued in October of 2022 when finally all of the criminal charges against him were dismissed by the Milwaukee County Circuit Court with prejudice.
>
> It was at that point on October 24th of 2022 that the plaintiff knew that he no longer had Fifth Amendment concerns, he no longer had Sixth Amendment concerns, and he could bring a 1983 claim without fear that that claim would somehow impinge on his criminal rights or that he'd be required to give testimony or produce discovery that could impinge on his criminal rights.

Id. at 27-28. For these reasons, the court denied the defendants' motion for judgment on the pleadings as to their statute of limitation argument. Id. at 28.

On November 27, 2024, the defendants filed a notice of interlocutory appeal, dkt. no. 44, and a motion to certify issue for interlocutory appeal, dkt. no. 42. In their Seventh Circuit Rule 3(c) docketing statement, the defendants explained that because the denial of qualified immunity is a "final" order under 28 U.S.C. §1291, they are "appeal[ing] the denial of qualified immunity on the claims against Deputy Woida for alleged violations of Plaintiff's Fourth, Sixth, and Fourteenth Amendment rights[.]" Dkt. No. 45 at 2-3. The defendants also stated that they are "seek[ing] interlocutory review of the denial of judgment as

5

a matter of law based on the statute of limitations, which is subject to a motion to certify in the district court." Dkt. No. 45 at 3. As stated above, in their motion to certify, the defendants explained that they are seeking to certify the following issue for interlocutory appeal:

> For purposes of the statute of limitations, did Plaintiff's 42 U.S.C. § 1983 claims against Defendants Do and Woida accrue:
>
> (1) at the time Plaintiff's underlying criminal convictions were invalidated and vacated on March 11, 2020; or
>
> (2) at the time Plaintiff's underlying criminal case was dismissed with prejudice on October 24, 2022.

Dkt. No. 42. The plaintiff opposes the defendants' motion to certify the statute of limitations issue for interlocutory appeal. Dkt. No. 52.

## II. Legal Standard

Interlocutory appeal is allowed by 28 U.S.C. §1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

28 U.S.C. §1292(b). The Seventh Circuit has explained that "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order

6

sought to be appealed." Id. at 675-76 (emphasis in original) (citing Richardson Elec., Ltd. v. Panache Broadcasting of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000)). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." Id. at 676 (emphasis in original). The Seventh Circuit has "emphasize[d] the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met . . . ." Id. at 677.

### III. Discussion

Although the plaintiff opposes the defendants' motion to certify the statute of limitation question, he concedes that the defendants have satisfied several of §1292(b)'s requirements. See Dkt. No. 52. The plaintiff concedes that the defendants filed their petition within a reasonable time. Id. at 3-4. The plaintiff concedes that the statute of limitation issue presents a controlling question of law, which may materially advance the ultimate termination of the litigation. Id. at 5-6, 13-14. The parties dispute only whether the statute of limitation issue is "contestable." Id. at 6-13.

A question of law is "contestable" if "there is substantial ground for difference of opinion." 28 U.S.C. §1292(b). "Courts have differed as to the degree of 'contest' required to make an issue 'contestable' under § 1292(b)." F.D.I.C. v. Mahajan, Case No. 11 C 7590, 2013 WL 3771419, at *4 (N.D. Ill. July 16, 2013). Some courts have determined that "the relevant question is not whether there exists controlling judicial precedent, but rather whether 'other

7

courts have adopted conflicting positions regarding the issue of law proposed for certification.'" Anderson v. Foster, Case No. 13-CV-256, 2013 WL 4523228, at *3 (E.D. Wis. Aug. 27, 2013) (quoting In re Bridgestone/Firestone, Inc. Tires Products Liab. Litig., 212 F. Supp. 2d 903, 909-10 (S.D. Ind. 2002)); see also Marshall v. Amsted Rail Co., Inc., Case No. 10 C 011, 2011 WL 5513204, *3 (S.D. Ill. Nov. 11, 2011) (finding a question "contestable" because "various federal courts (district and appellate) have followed different paths and reached opposite conclusions" on an issue). Other courts have concluded that an issue is "contestable" for purposes of §1292(b) "if there is a 'difficult central question of law which is not settled by controlling authority,' and a 'substantial likelihood' exists that the district court's ruling will be reversed on appeal." City of Joliet v. Mid–City Nat'l Bank, Case No. 05 C 6746, 2008 WL 4889038, *2 (N.D. Ill. June 13, 2008) (quoting In re Brand Name Drugs, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995)).

      The defendants argue that the limitation issue is contestable because it "presents a matter of first impression within the alleged factual context of Plaintiff's Complaint," "conflicting authority on the issue exists" and there is "apparent confusion posed by this question of law[.]" Dkt. No. 53 at 4. The court will address these in turn.

      Although it appears that there is not controlling authority addressing this specific set of facts, that does not necessarily render the issue "contestable.' Courts in this circuit have held that just because an issue is a matter of first impression does not mean that there is a substantial ground for

8

differences of opinion. See Manitowoc Cranes LLC v. Sany Am. Inc., Case No. 13-C-677, 2018 WL 582334, at *2 (E.D. Wis. Jan. 29, 2018) ("The fact that this is an issue of first impression and has not been addressed in this or any other circuit in itself does not demonstrate a substantial ground for difference of opinion."); Kisting v. Gregg Appliances, Inc., Case No. 16-CV-141, 2017 WL 44832, at *3 (E.D. Wis. Jan. 4, 2017) ("The fact that there is no Seventh Circuit precedent on the issue, however, does not establish substantial ground for difference of opinion." (citing Anderson, 2013 WL 4523228, at *3)); Hollinger Intern., Inc. v. Hollinger, Inc., Case No. 04-C-0698, 2005 WL 327058, at *3 (N.D. Ill. Feb. 3, 2005) ("The movant thus may not prevail by simply showing a 'lack of judicial precedent' or that the issue is one of first impression."). Although the novelty of an issue may be a factor in demonstrating the contestability of an issue, novelty alone is not dispositive. See Aspen Am. Ins. Co. v. Charmoli, Case No. 23-CV-0610, 2023 WL 4562548, at *3 (E.D. Wis. July 17, 2023) (observing that "cases treat novelty *as a factor* bolstering the 'substantial likelihood' of reversal on appeal" before determining that "[j]ust because an issue is novel, though, does not necessarily mean it is contentious" (emphasis in original)). The defendants must demonstrate there is a substantial ground for differences of opinion.

Although the defendants have not presented clearly conflicting authority, the court believes that the defendants' arguments sufficiently demonstrate the confusion posed by the limitation question. Boone v. Ill. Dep't of Corr., 71 F.4th 622, 625 (7th Cir. 2023) (determining that a question of law was contestable

9

based on the district court's comments showing "the confusion posed by the question presented to us for review"). As the defendants detail in their briefing, the Heck doctrine primarily has been applied to §1983 claims that imply the invalidity of a conviction or sentence, like malicious prosecution claims or fabrication of evidence claims. Dkt. Nos. 43 at 17-20; 53 at 8-13. In its oral ruling, the court acknowledged that the current case does not fit that typical mold of a Heck case:

> I—I have to confess, I'm—I'm really not entirely—entirely clear that Heck answers the question here. You know, Heck—Heck comes up most frequently in circumstances where the—the plaintiff is trying in some way or another to use a civil lawsuit, a 1983 lawsuit, to do an end run around what he or she fears will be an unsuccessful motion to reconsider or an unsuccessful appeal in the state court. And in those cases we apply that sort of time worn standard in Heck that says that *if a decision in the civil case would somehow invalidate a conviction in the criminal case, then the Heck bar applies.*
>
> *That clearly is not the case here.* The defendants correctly point out that if on March 12th the plaintiff had filed a lawsuit making the claims that it make[s]—that he makes here against Do and Woida and there had been a decision that Do and Woida violated his constitutional rights in the way they behaved with the jury, *that wouldn't have invalidated a second—a conviction that might've resulted from a second trial.*

Dkt. No. 47 at 23-24 (emphasis added). Despite these observations, the court determined that the "practical and pragmatic" concerns underlying Heck and its progeny called for the court to apply the favorable-determination rule to the current case. Id. at 24-28. But the court acknowledges that there may be substantial ground for differences of opinion as to how courts may address these practical and pragmatic concerns. See Towne v. Donnelly, 44 F.4th 666, 674 (7th Cir. 2022) ("We agree with Mr. Towne that many of *the practical*

10

*concerns* expressed in McDonough, apply also to First Amendment retaliatory prosecution claims that challenge ongoing state prosecutions[;] [n]evertheless, we are n*ot convinced that these interests justify extending the favorable-termination requirement* to retaliatory prosecution claims arising under the First Amendment." (emphasis added)). Because, in this court's view, the legal question posed by the unique facts of the current case is not clearly answered by Heck or its progeny, the court concludes that the issue is "contestable."

Because the court finds that the defendants have satisfied all of §1292(b)'s requirements, the court will grant their motion.

## IV. Conclusion

The court **GRANTS** the defendants' motion to certify issue for interlocutory appeal. Dkt. No. 42.

Dated in Milwaukee, Wisconsin this 10th day of March, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**