IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MARWAN MAHAJNI,

      Plaintiff,

                              Case No:  24-CV-416

v.

DEPUTY VU DO, in his individual capacity,
DEPUTY SCOTT WOIDA, in his individual capacity,
JOHN DOE DEFENDANTS 1 - 5, and
ABC INSURANCE COMPANY,

      Defendants.

---

## PARTIES' JOINT STATUS REPORT AND PROPOSED RULE 26(f) PLAN

---

The parties, by their undersigned counsel, and pursuant to the Court's text-only order on May 6, 2026 (Dkt. 60) and Federal Rule of Civil Procedure 26(f), hereby represent that no party objects to the Court lifting the stay placed on this case, and they respectfully submit the following joint proposed Rule 26(f) plan:

### CONTENTS REQUIRED BY RULE 26(f)(3)

**(A)** **what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties will exchange initial disclosures and the information required by Fed. R. Civ. P. 26(a) by **June 12, 2026**. Supplementations to initial disclosures shall be made in accordance with Fed. R. Civ. P. 26(e).

**(B)** **the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties anticipate that discovery may include written interrogatories, requests for production, requests for admission, party and lay witness depositions, and expert depositions. The factual circumstances regarding the subject incident, liability, and damages are the subjects for which discovery may be needed. The parties do not believe that discovery needs to be conducted in phases or should be otherwise limited to or focused on particular issues. The parties agree and propose that **March 1, 2027**, shall serve as the deadline to complete all discovery in this case.

**(C)** **any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties anticipate that electronic discovery may occur in this case, and that electronically stored information ("ESI") will be discoverable consistent with the Federal Rules of Civil Procedure. The parties agree to promptly meet and confer on electronic discovery issues.

The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. Rule 6(d) shall not apply in the event of such service. The parties agree that all discovery responses will be provided in electronic format, and that the parties will cooperate as to the specific electronic format (native, PDF, etc.) of the documents disclosed.

**(D)** **any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties propose that any privilege logs will be served no later than one week after the written response(s) and/or objection(s) to document production in which privilege has been asserted has been served. The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed a waiver or impairment per se of any claim of privilege or protection. The parties agree that communications between a party and its trial counsel do not need to be included on any privilege log provided pursuant to Rule 26(b)(5). The parties further agree that other communications and documents generated after commencement of this litigation, if privileged or protected as work product, do not need to be included on any privilege log provided pursuant to Rule 26(b)(5).

**(E)** **what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure, the Court's local rules, and the Court's customary Scheduling Order. The parties reserve the right to seek relief from Fed. R. Civ. P. 33(a)(1) and Civil L.R. 33(a)(1)'s limitation of 25 interrogatories to a party, the Fed. R. Civ. P. 30(d)(1) limitation of 1 day of 7 hours for the duration of depositions, and the 10-deposition limit per party set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and Fed. R. Civ. P. 31(a)(2)(A)(1), if necessary.

**(F)** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

None anticipated at this time. The parties believe that the protective order (Dkt. 19) issued by the Court in this matter on August 20, 2024, will continue to be necessary after the stay is lifted, and they propose that this Order remain in full force and effect for the duration of the case.

## ADDITIONAL INFORMATION REQUIRED BY THE COURT

### 1. Brief Statement of the Nature of Case

This is a civil action brought pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges that Defendants deprived him of his constitutional rights while acting under color of state law during a criminal jury trial March 2014. Specifically, Plaintiff alleges that while the jury was considering several criminal charges against him, a juror asked Defendant Do, who was serving as a bailiff for the trial, whether the jury could be deadlocked on any of the counts. Do is alleged to have informed the juror that the jury had to be unanimous, and that several other jurors overhead Do's response. Plaintiff alleges that Defendant Woida, who was also serving as a bailiff at the trial, did not prevent Do from responding to the juror's question; however, Woida is not alleged to have directly spoken to any juror himself during the trial.

Plaintiff asserts that he was subsequently convicted of one count of kidnapping and one count of second degree sexual assault, sentenced to twenty-five years on the two counts, and began serving his prison sentence. Plaintiff alleges that, in January 2020, an evidentiary hearing on the issue of unfair jury influence during his March 2014 trial was held. Plaintiff alleges that, on March 11, 2020, the Milwaukee County District Attorney's

Office conceded that he was entitled to a new trial because of extraneous information conveyed to a juror, and his convictions were vacated. On October 24, 2022, the court dismissed the criminal charges against Plaintiff based on the State's motion.

Plaintiff asserted several causes of action alleging violations of federal and Wisconsin state law against Do, Woida, John Doe Defendants 1-5, ABC Insurance, Co., Milwaukee County, and former sheriff, David Clarke. On November 20, 2024, the Court dismissed some of Plaintiff's causes of action and some defendants from the case; the remaining defendant parties include Do, Woida, John Doe Defendants 1-5, and ABC Insurance, Co. (Dkts. 39, 47). Following the Court's November 20, 2024, decision and order, the following § 1983 claims from Plaintiff's Complaint remain:

(1) "First Cause of Action" against Defendants Do and Woida for the alleged denial of Plaintiff's right to a fair trial in violation of the Sixth and Fourteenth Amendments;

(2) "Second Claim for Relief" against Defendants Do and Woida for the alleged denial of Plaintiff's due process rights in violation of the Fourteenth Amendment; and

(3) "Fifth Claim for Relief" against Defendants Do and Woida for alleged "Cruel and Unusual Punishment (4th and 14th Amendment)."

(*Id.*; *see also* Dkt. 1, pp. 14-15, 18-19).

Defendants deny liability to Plaintiff for any damages and affirmatively allege, *inter alia*, that they are entitled to qualified immunity.

## 2. Jurisdictional Issues Regarding Venue or Service

None that are known or apparent.

3. **Related Cases in this District or Other Court or Administrative Body**

None.

4. **Alternative Dispute Resolution**

Defendants are not interested in alternative dispute resolution at this time. The parties will remain open to considering alternative dispute resolution as discovery and the case progresses, and they agree that any settlement negotiations will be conducted in good faith.

5. **Nature and Timing of Discovery**

Please see Sections (A)-(F) above. There are no other contemplated changes to the nature or timing of discovery.

6. **Proposed Case Deadlines**

The parties propose the following case schedule:

    a.  Rule 26(a)(1) disclosures:    June 12, 2026

    b.  Amendment of Pleadings without leave:    July 6, 2026

    c.  Joinder of parties:    July 6, 2026

    d.  Expert witness disclosures:

        i.  Plaintiff disclosure:    October 12, 2026

        ii.  Defendants' Disclosure:    January 11, 2027

    e.  Close of discovery:    March 1, 2027

    **f.**  Dispositive motions or other motions:    March 29, 2027

7. **Estimated Length of Trial**

The parties estimate 4-5 days for trial.

8. **Request for a Jury Trial**

Plaintiff and Defendants are requesting a jury trial.

## 9. Other Issues that Might Impact Trial Scheduling

None that are known or anticipated at this time.

## 10. Attestation

The parties attest that they, through their counsel, have communicated with respect to the issues addressed in this document.

Dated this 21st day of May, 2026.

**KURTER LAW OFFICES**                    **CRIVELLO, NICHOLS & HALL, S.C.,**

By: *s/ Imran Sadik Kurter*              By: *s/ Zachary J. Flood*
    IMRAN SADIK KURTER                  SAMUEL C. HALL, JR.
    State Bar No. 1096182               State Bar No. 1045476
    10012 W. Capitol Drive              ZACHARY J. FLOOD
    Milwaukee, WI  53222                State Bar No. 1099136
    Ph: (414) 368-8181                  BENJAMIN J. NICHOLS
    Fax: (414) 271-4438                 State Bar No. 1138101
    E-mail: Imran@Kurterlaw.com         710 N. Plankinton Avenue, Suite 500
                                        Milwaukee, WI  53203
Attorneys for Plaintiff Marwan Mahajni       Ph: (414) 271-7722
                                        Fax: (414) 271-4438
                                        E-mail: shall@crivellolaw.com
                                              zflood@crivellolaw.com
                                              bnichols@crivellolaw.com

Attorneys for Defendants Deputy Vu Do and Deputy Scott Woida