UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | November 2, 2026 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 24-cv-416 |
| CASE NAME: | Marwan Mahajni v. Vu Do, *et al.*, |
| NATURE OF HEARING: | Status Conference |
| APPEARANCES: | Michael Torphy – Attorney for the plaintiff.<br>Benjamin Nichols – Attorney for the defendant |
| COURTROOM DEPUTY: | Justin Dreikosen |
| TIME: | 10:03 a.m. – 10:14 a.m. |

**AUDIO OF THIS HEARING AT DKT. NO. 66**

The court recounted some of the history of the case, including that the defendant had filed an interlocutory appeal of the court's ruling on the motion for judgment on the pleadings. The court observed that during the pendency of that appeal (in May 2025), the plaintiff's attorney had moved to withdraw; in April of 2026, successor counsel appeared on the plaintiff's behalf.

The court related that, in May of 2026—after the Seventh Circuit had dismissed the appeal—the parties had proposed a Rule 26(f) plan and the court had issued a scheduling order. The court recounted that in early October, the plaintiff's successor counsel had moved to withdraw and had represented that the plaintiff would be representing himself or finding an attorney; upon that request, the court vacated all scheduling order deadlines and set this hearing to determine which path the plaintiff planned to take.

The court observed that Attorney Torphy had stated at the beginning of today's hearing that he was appearing on the plaintiff's behalf; it noted that there was no notice of appearance on the docket for Attorney Torphy. Attorney Torphy explained that he had represented the plaintiff in the plaintiff's underlying state criminal matter and had drafted a complaint for the plaintiff's federal §1983 case before the plaintiff selected a different law firm to represent him. Attorney Torphy said that after the other attorneys had moved to withdraw, the plaintiff had contacted him; Attorney Torphy had told the plaintiff that he wanted to appear today and discover what pending deadlines he may be facing before diving into the case.

The court stated that upon withdrawal of the second lawyer, the court had vacated all pending deadlines. It explained that only the deadlines for Rule 26(a) disclosures and for amending or correcting pleadings without leave of court had passed at the time the court vacated those deadlines, meaning that the case remained close to square one. Attorney Torphy stated that he would

appear on the plaintiff's behalf and would file a notice of appearance once his client signed an updated fee agreement. Attorney Torphy stated he expected those events to occur in the next day or so.

The court acknowledged that the attorneys may wish to discuss a revised schedule and proposed setting a deadline for the parties to submit a new Rule 26(f) plan. Attorney Torphy requested forty-five (45) days so that he could speak with predecessor counsel and discover what documents they possessed. Defense counsel stated that he was prepared to move forward whenever the court decided. The court advised the parties that after it received the amended Rule 26(f) plan, it would decide whether a Rule 16 conference was necessary.

The court **ORDERS** the parties to file an amended Rule 26(f) plan by no later than days' end on **Friday, December 18, 2026**.

Dated in Milwaukee Wisconsin this 2nd day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**